FILED                    RECEIVED
ENTERED                  SERVED ON
         COUNSEL/PARTIES OF RECORD

DEC 1 0 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                          DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )
)
      Plaintiff, )
)      2:10-cv-1337-RCJ-RJJ
     v. )
)
KEITH L. MARIS, individually and d/b/a )
Keith L. Maris Painting and Wallpaper, )      **ORDER**
DONNA L. MARRIS, INTERSTATE BANK, )
SSBI, as successor to Mortgage Electronic )
Registration Systems, Inc. (nominee of )
Aegis Funding Corporation), UNIVERSITY )
MEDICAL CENTER, and ALLSTATE
FINANCIAL SERVICES, INC.

      Defendants.

_____

    Currently before the Court is an Emergency Motion to Stop the Sale of Seized Property in Utah to Satisfy Current Tax Liability (Doc. #23) filed by Defendants Keith Maris and Donna Maris.

    On August 9, 2010, the United States filed a Complaint to Reduce Assessments to Judgment and Foreclose Federal Tax Liens on Real Property in Clark County, Nevada. (Doc. #1). Defendants now file the instant motion to stop the sale of seized property in Utah to satisfy their tax liability. At the November 23, 2010, hearing on this motion, this Court entered a minute order enjoining the sale of the Utah property for 30 days to permit this Court to determine jurisdiction. This Court now denies Defendants' emergency motion and lifts the tentative stay on the Utah property.

    The United States is a sovereign entity that may not be sued without its consent. *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990). A waiver of sovereign immunity must be unequivocally expressed and cannot be implied. *Dunn & Black, P.S. v. United States*, 492

1  F.3d 1084, 1087-88 (9th Cir. 2007).

2       Instead of waiving its sovereign immunity, the United States has expressly created

3  specific limitations on its right to be sued in tax cases.  The Anti-Injunction Act, 26 U.S.C.

4  § 7421, states that, except as provided specifically by statute, "no suit for the purpose of

5  restraining the assessment or collection of any tax shall be maintained in any court by any

6  person, whether or not such person is the person against whom such tax was assessed." IRC

7  § 7421(a), 26 U.S.C. § 7421(a); *see Sokolow v. United States*, 169 F.3d 663, 665 (9th Cir.

8  1999) (identifying a judicial exception).   The Ninth Circuit has held that unless a person

9  seeking to enjoin the IRS can bring himself within a statutory or judicially-created exception

10  to IRC § 7421(a), "the district court has no jurisdiction and the suit for injunction is barred."

11  *Shannon v. United States*, 521 F.2d 56, 58 (9th Cir. 1975); *see United States v. Stuler*, 2009

12  WL 335069, *1, 3-4 (W.D. Pa. 2009) (finding that when the United States files a suit against

13  defendant for the purpose of reducing his federal tax assessments and foreclosing its federal

14  tax liens against defendant's property the United States does not automatically waive

15  sovereign immunity against any counterclaims).  Because Defendants cannot establish a

16  waiver of immunity under the Anti-Injunction Act, their motion is denied.

17  **CONCLUSION**

18       For the foregoing reasons, IT IS ORDERED that Defendants' Emergency Motion to

19  Stop the Sale of Seized Property in Utah to Satisfy Current Tax Liability (Doc. #23) is DENIED

20  and the tentative stay issued on November 23, 2010, is now lifted.

21

22  DATED: This 10th day of December, 2010.

23

24                                   

25              United States District Judge

26

27

28