UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KEITH L. MARIS, individually and d/b/a Keith L. Maris Painting and Wallpaper, DONNA L. MARIS, INTERSTATE BANK, SSBI, as successor to Mortgage Electronic Registration Systems, Inc. (nominee of Aegis Funding Corporation), UNIVERSITY MEDICAL CENTER, and ALLSTATE FINANCIAL SERVICES, INC.,<br><br>    Defendants. | 2:10-cv-1337-RCJ-RJJ<br><br>**ORDER** |

Currently before the Court are Defendants' Motion to Dismiss (#10); a Joint Motion for Entry of Stipulated Terms between the United States and Defendant Interstate Bank, SSB (#28); and Defendants' Motions for Summary Judgment (#36, 42). Defendants are proceeding *pro se*. The Court heard oral argument on these motions on January 21, 2011.

## BACKGROUND

The government filed a complaint to reduce assessments to judgment and to foreclose federal tax liens on real property against Keith Maris; Donna Maris; Interstate Bank, SSB ("Interstate"); University Medical Center; and Allstate Financial Services, Inc. (Complaint (#1) at 1). The government brought the civil action to (a) reduce Keith and Donna Maris's (collectively "Defendants") outstanding federal individual income tax assessments to judgment; (b) reduce Keith's outstanding federal employment and unemployment tax assessments made

against him under his business as Keith L. Maris Painting and Wallpaper; and (c) to foreclose related federal tax liens on real property located at 7089 Mountain Moss Drive, Las Vegas, Nevada, 89147. (*Id.* at 1, 3). The government listed Interstate, University Medical Center, and Allstate Financial Services as parties in the suit, pursuant to 26 U.S.C. § 7403(b), because they might claim an interest in the property that the government sought to foreclose. (*Id.* at 2-3).

The government alleged that it commenced this suit, pursuant to 26 U.S.C. §§7401, 7403, at the direction of the Attorney General and with the authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury. (*Id.* at 2). The government asserted that this Court had jurisdiction over this case pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§1340, 1345. (*Id.*).

In the first claim for relief, the government asserted that Defendants owed a total of $539,568.30 in unpaid federal income taxes (Form 1040), penalties, interest, and other statutory additions for the 1995, 1997, 2000, and 2001 tax periods. (*Id.* at 3-4). In the second claim for relief, the government asserted that Keith (doing business as Keith L. Maris Painting and Wallpaper) owed a total of $53,427.72 in unpaid federal employment and unemployment taxes (Forms 941 and 940), penalties, interest, and other statutory additions for 2002 and 2004.[1] (*Id.* at 4-5). In the third claim for relief, the government asserted that a duly authorized delegate of the Secretary of Treasury had recorded five different Notices of Federal Tax Liens against Defendants regarding their tax assessments. (*Id.* at 5-6). The government asserted that, pursuant to 26 U.S.C. § 7403(c), it was entitled to a decree of sale of the real property to enforce its tax liens. (*Id.* at 6).

**LEGAL STANDARD**

I.  **Rule 12(b)(1)**

Pursuant to Rule 12(b)(1), the court may dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A federal court is presumed to lack jurisdiction in a

---

[1] This includes 3rd quarter 2002 (Form 941), 4th quarter 2002 (Form 941), 2002 (Form 940), and 2004 (Form 940). (*Id.* at 4-5).

2

particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001).

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). In a speaking motion, a party may attack the existence of subject-matter jurisdiction without converting the motion into a motion for summary judgment. *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987). "However, when 'ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment.'" *Id.* "Under this standard, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (internal quotations omitted).

## II.  Rule 12(b)(6)

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022

(9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

III. **Rule 56(c)**

In reviewing a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Pursuant to Fed.R.Civ.P. 56, a court will grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). Material facts are "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of identifying the portions of the pleadings and evidence that the party believes to demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported the motion, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348,

1356, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. The nonmoving party cannot defeat a motion for summary judgment "by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The nonmoving party must "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

## DISCUSSION

I.  **Motion to Dismiss (#10)**

Defendants, *pro se*, filed a motion to dismiss the government's complaint under both Rules 12(b)(1) and 12(b)(6). (Mot. to Dismiss (#10) at 1). Most of Defendants' motion to dismiss is actually an answer to the complaint. (*See id.* at 3-12). With respect to dismissing the complaint, Defendants argued that this Court lacked jurisdiction because 26 U.S.C. § 7401 did not apply to income taxes and, thus, the Court had no authority or jurisdiction to compel them to pay an alleged tax. (*Id.* at 7). Defendants also argued that 26 U.S.C. § 7403 did not make people liable for income taxes and, thus, the Court had no jurisdiction to compel them to pay an alleged tax. (*Id.*). They contended that because the government "could not identify any statute that [made] [them] 'liable' for income taxes, basic common sense dictate[d] that this Court [had] no authority (jurisdiction) to compel [them] to pay an alleged tax." (*Id.* at 9). They also argued that the "IRS ha[d] no authority to collect income taxes . . . [s]o that [was] proof that the IRS ha[d] absolutely no authority to seize [their] property or to do anything with respect to income tax." (*Id.* at 15).

The government responded that this Court has original jurisdiction over civil actions arising under any Act of Congress providing for internal revenue pursuant to 28 U.S.C. § 1340.

(Response to Mot. to Dismiss (#16) at 2).[2] The government asserted that the Court has broad jurisdiction to issue civil action orders and render judgments to enforce the internal revenue laws pursuant to 26 U.S.C. § 7402. (*Id.* at 2-3). It contended that §§7401, 7403 were written broadly and applied to income taxes. (*Id.* at 5). It also attached exhibits that demonstrated the government's authorization to bring the suit and the federal tax liabilities that have been assessed against Defendants. (*Id.* at 5-6; *see* Exhs. (#16-1 through 16-11)).[3]

Pursuant to 28 U.S.C. § 1340, "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." 28 U.S.C. § 1340. Additionally, the "district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, . . . orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Pursuant to 26 U.S.C. § 7401, the government may initiate a civil action "for the collection or recovery of taxes" after the appropriate authorization. *See* 26 U.S.C. § 7401 (stating that "[n]o civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced"). Section 7403 of Title 26 of the United States Code provides that:

> where there has been a refusal or neglect to pay *any tax*, . . . , the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States . . . with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

26 U.S.C. § 7403(a) (emphasis added).

In this case, Defendants are attacking subject-matter jurisdiction based on the allegations in the complaint, specifically that the government's listed statutes do not, on their

---

[2] The government's motion for an extension of time to file a response to Defendants' motion to dismiss (#14) is granted.

[3] The Court grants the government's *ex parte* motion (#25) to substitute exhibit one (#16-2) with a correctly redacted version of the exhibit pursuant to Fed. R. Civ. P. 5.2.

face, provide jurisdiction. (See Mot. to Dismiss (#10) at 7). As illustrated above, the statutes listed in the government's complaint do establish this Court's jurisdiction for enforcing internal revenue laws. See 28 U.S.C. § 1340; 26 U.S.C. § 7402. Therefore, the Court does have jurisdiction to hear this case.

Defendants also argue that the government fails to state a claim for relief under Rule 12(b)(6) because the statutes that the government cite do not apply to income taxes. (See Mot. to Dismiss (#10) at 7). Defendants arguments are misplaced. Sections 7401 and 7403 apply to any tax and do not prohibit the collection of income taxes. See 26 U.S.C. §§ 7401, 7403. Therefore, Defendants arguments are without merit. Accordingly, the Court denies Defendants' Motion to Dismiss (#10). The Court also finds that Defendants' Motion to Dismiss (#53), Motion to Dismiss Plaintiff's Complaint (#56), and Second Motion to Dismiss Plaintiff's Complaint (#57) to be without merit and denies those motions as well.

## II.     Joint Motion for Entry of Stipulated Terms (#28)

The government and Interstate filed an unopposed motion to stipulate terms pertaining to the claims between them. (Joint Mot. (#28)). Because this motion is unopposed, the Court grants the Joint Motion for Entry of Stipulated Terms (#28). See Local R. 7-2(d) (the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion").

## III.    Motion for Summary Judgment (#36, 42)[4]

Defendants, pro se, made three general arguments. (Mot. for Summary Judgment (#36) at 7, 13). First, they asserted that the statute of limitations had expired because the IRS

---

[4] Defendants filed two motions for summary judgment. The first motion did not include any exhibits. (See Doc. #36). After receiving a minute order regarding the requirements of Klingele v. Eikenberry, Defendants re-filed their motion for summary judgment and attached exhibits. (See Docs. #37, 42).
After filing the exhibits, Defendants moved to seal exhibits 1 through 5 in Document 42, in order to keep certain information private from public court records. (Mot. to Seal (# 47) at 2). The Court grants Defendants' motion to seal those exhibits (#47) because they contain Defendants' social security numbers. See Fed. R. Civ. P. 5.2(d) (the Court may order these exhibits filed under seal and may, at a later time, "order the person who made the filing to file a redacted version for the public record").

7

had to make tax assessments three years from the date the return was filed. (*Id.* at 7, 12). Second, they argued that the collection was time-barred. (*Id.*). Third, they contended that the government could not foreclose on the property because it had not complied with 26 U.S.C. § 6334(e)(1)(A). (*Id.* at 13). In support of their motion, they attached multiple exhibits of tax filings but did not explain how these exhibits supported their motion for summary judgment. (*See generally* Exhibits (#42) at 22-64).

In response, the government explained and filed documents to support the timeliness of each tax assessment. (*See* Opp. to Mot. for Summary Judgment (#49) at 3-7).[5]

Pursuant to 26 U.S.C. § 6501, the IRS must assess taxes within three years after a return is filed. 26 U.S.C. § 6501(a). When no return is filed or the return is false or fraudulent, the IRS may assess the tax at any time. *Id.* § 6501(c)(1), (3). Tax forms that "do not contain information upon which tax liability may be computed are not returns within the meaning of the Internal Revenue Code." *Edwards v. Comm'r*, 680 F.2d 1268, 1269-70 (9th Cir. 1982). If the IRS sends a notice of deficiency to the taxpayer, the statute of limitations is tolled for the 90 days allotted to the taxpayer to contest the IRS's determination and for an additional 60 days thereafter. 26 U.S.C. §§ 6212(a), 6503(a)(1). After the IRS makes a tax assessment, the tax may be collected by a court proceeding only if the court proceeding begins within ten years after the tax assessment. 26 U.S.C. § 6502(a)(1).

Pursuant to 26 U.S.C. § 6334, the principal residence of a taxpayer is exempt from levy to the extent provided by § 6334(e). 26 U.S.C. § 6334(a)(13)(B)(i). Under § 6334(e), the IRS may levy a principal residence "if a judge or magistrate of a district court of the United States approves (in writing) the levy of such residence." *Id.* § 6334(e)(1)(A).

In this case, Defendants have failed to meet their burden for summary judgment because they only make conclusory statements that the IRS's assessments and collections

---

[5] After oral argument, the government filed a motion for leave to supplement the response to the motions for summary judgment and attached the supplemental materials. (*See* Mot. for Leave to Supplement (#65)). The Court grants the motion for leave to supplement (#65).

are time-barred. The exhibits filed by the government demonstrate that tax assessments and collections were timely. (See Opp. to Mot. for Summary Judgment (#49) at 16).

For their third quarter 2002 employment tax (Form 941), Defendants filed their return on November 22, 2002. (Pl.'s Ex. (#49-1) at 12). The IRS assessed a federal tax deposit penalty on December 23, 2002. (Id.). This assessment occurred within the three year statute of limitations period. See 26 U.S.C. § 6501(a).

For their fourth quarter 2002 employment tax (Form 941), Defendants filed their return on February 18, 2005. (Pl.'s Ex. (#49-1) at 18). They filed a portion of their tax liability in November 2002, but never paid the full amount. (Id.). The IRS assessed interest, late filing, tax deposit, and failure to pay penalties on May 30, 2005. (Id.). This assessment occurred within the three year statute of limitations period. See 26 U.S.C. § 6501(a).

For their 2002 unemployment taxes (Form 940), Defendants filed their return on February 7, 2006. (Pl.'s Ex. (#49-1) at 24). The IRS assessed late filing and federal tax deposit penalties on both March 27, 2006, and October 29, 2007. (Id. at 24-25). These assessments occurred within the three year statute of limitations period. See 26 U.S.C. § 6501(a).

For their 2004 unemployment taxes (Form 940), Defendants filed their return on February 18, 2005. (Pl.'s Ex. (#49-1) at 29). The IRS assessed late filing and failure to pay penalties on both March 28, 2005, and October 29, 2007. (Id. at 29, 31). These assessments occurred within the three year statute of limitations period. See 26 U.S.C. § 6501(a).

For their 1995 income taxes (Form 1040), Defendants filed their return on June 16, 1997. (Pl.'s Ex. (#49-1) at 35). Defendants reported an income tax liability in the amount of $101. (Id.). The IRS mailed Defendants a notice of deficiency on March 24, 2000, which was within the three year statute of limitations period. (Pl.'s Ex. (#49-3) at 2, 4). The IRS accessed tax penalties on August 14, 2000. (Pl.'s Ex. (#49-1) at 35-36). Based on tolling, the IRS had until November 13, 2000, to make any tax assessments. See 26 U.S.C. §§ 6212(a), 6503(a)(1). Thus, the tax assessment was timely.

For their 1997 income taxes (Form 1040), Defendants filed a "zero" income return on January 11, 1999. (Pl.'s Ex. (#49-1) at 43). The IRS mailed Defendants a notice of deficiency on March 24, 2000, which was within the three year statute of limitations period. (Pl.'s Ex. (#49-3) at 2, 4). The IRS accessed penalties on September 4, 2000, December 4, 2000, and February 19, 2001. (Pl.'s Ex. (#49-1) at 43-44). These assessments occurred within the three year statute of limitations period. See 26 U.S.C. § 6501(a).

For their 2000 income taxes (Form 1040), Defendants filed a "zero" income return on December 18, 2002. (Pl.'s Ex. (#49-1) at 51). The IRS mailed Defendants a notice of deficiency on October 10, 2003. (Id. at 7). The IRS assessed penalties on March 1, 2004, and October 25, 2004. (Id. at 51). These assessments occurred within the three year statute of limitations period. See 26 U.S.C. § 6501(a).

For their 2001 income taxes (Form 1040), Defendants filed a "zero" income tax return on December 18, 2002. (Pl.'s Ex. (#49-1) at 58). The IRS mailed Defendants a notice of deficiency on October 10, 2003. (Id. at 7). The IRS assessed penalties on March 1, 2004, and October 25, 2004. (Id. at 58). These assessments occurred within the three year statute of limitations period. See 26 U.S.C. § 6501(a).

Accordingly, all of the IRS's tax assessments were made within the relevant statute of limitations period. Additionally, the earliest tax assessment was made on August 14, 2000. (See Pl.'s Ex. (#49-1) at 35-36). Thus, the IRS had until August 14, 2010, to commence a proceeding to collect these taxes. See 26 U.S.C. § 6502(a)(1). The IRS commenced this action on August 9, 2010. (See Complaint (#1)). Accordingly, the IRS has timely commenced a proceeding for collection.

With respect to 26 U.S.C. § 6334, the government is currently seeking approval from this Court to foreclose on Defendants' principal residence through this proceeding. Therefore, Defendants' argument that the government has not complied with this section is unavailing. Accordingly, the Court denies the motions for summary judgment (#36, 42).

///

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' Motion to Dismiss (#10) is DENIED.

IT IS FURTHER ORDERED that the government's Motion to Extend Time (#14) is GRANTED.

IT IS FURTHER ORDERED that the government's *Ex Parte* Motion to Substitute Exhibit One with a Correctly Redacted Version of Exhibit One (#25) is GRANTED.

IT IS FURTHER ORDERED that the government and Interstate Bank's Joint Motion for Entry of Stipulated Terms (#28) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motions for Summary Judgment (#36, 42) are DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Seal Portions of Document 42 (#47) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#53) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint (#56) is DENIED.

IT IS FURTHER ORDERED that Defendants' Second Motion to Dismiss Plaintiff's Complaint (#57) is DENIED.

IT IS FURTHER ORDERED that the government's Motion for Leave to File Supplement to Document 49 (#65) is GRANTED.

DATED: This 4th day of February, 2011.

_____
United States District Judge