DANIEL G. BOGDEN
United States Attorney

LEE PERLA
Trial Attorney
U.S. Department of Justice
P.O. Box 683 Ben Franklin Station
Washington, D.C. 20044-0683
Tel: (202) 616-9183

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   vs.<br><br>KEITH L. MARIS, individually and d/b/a/ Keith L. Maris Painting and Wallpaper, DONNA L. MARIS, INTERSTATE BANK, SSBI, as successor to Mortgage Electronic Registration Systems, Inc. (nominee of Aegis Funding Corp.), UNIVERSITY MEDICAL CENTER, and ALLSTATE FINANCIAL SERVICES, INC.<br><br>   Defendants. | Civil No. 2:10-cv-01337-RCJ-RJJ<br><br>UNITED STATES' UNOPPOSED MOTION TO EXTEND SCHEDULED DEADLINES AND [PROPOSED] ORDER<br>(First Request). |

The United States of America ("United States"), by and through its undersigned counsel, hereby submits this unopposed motion to amend the Discovery Plan and Scheduling Order, Rec. Doc. 20, by extending the discovery cutoff date (and the remaining deadlines) by 60 days. In support thereof, the United States respectfully offers the following:

1.  On November 15, 2011, the Court entered a Discovery Plan and Scheduling Order, *see* Rec. Doc. 20, that set the discovery cut-off date as March 1, 2011. *Id.*

2.  This is the United States' first request for a modification of the Discovery Plan and Scheduling Order. Defendants Donna L. Maris, Keith L. Maris, and Interstate Bank, ssb have informed undersigned counsel that they do not oppose this motion.

3.  The Defendants have produced some documents in response to the United States' first requests for production sent on November 24, 2010. *See, e.g.*, U.S. Consol. Response to Defs.' Em. Mots. and Exhibit One to the attached declaration (filed this date).

4.  However, the Defendants' production does not respond fully or completely to the United States' requests for production and the United States' Rec. Doc. 54 (Mot. to Compel) remains pending.

5.  The United States has not yet received the Defendants' responses to the requests for admission or interrogatories sent to the Defendants on December 29, 2010. (However, the Defendants have agreed to deposit their responses to the United States' requests for admission and interrogatories in the mail by February 11, 2011.)

6.  A scheduling order may be modified "for good cause and with the judge's consent." FED. R. CIV. P. Rule 16(b). The Ninth Circuit has held that the showing of "good cause" under Rule 16(b) focuses on "the reasonable diligence of the moving party." *Noyes v. Kelly Services*, 488 F.3d 1163, 1174 (9th Cir. 2007) (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

7.  The good cause standard in Rule 16(b), "like all the Federal Rules of Civil Procedure, '[should] be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, No. 08-56667, 2010 U.S. App.

LEXIS 22910, *13-14 (9th Cir. Nov. 3, 2010); *see also* Fed. R.Civ. P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

8. Modification of a scheduling order is appropriate when it will ensure that a "fully informed and fair determination can be made and a just resolution reached." *Payless Shoesource Worldwide, Inc. v. Target Corp.*, 237 F.R.D. 666, 670 (D. Kan. 2006).

9. "Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith or prejudice to the adverse party.'" *Ahanchian*, 2010 U.S. App. LEXIS 22910, *14.

10. Since entry of the Discovery Plan and Scheduling Order, the United States has attempted to make progress in conducting discovery. However, as set forth in the various motions and status reports already provided to the Court, *see, e.g.*, Rec. Doc. 54, the Defendants' production has been limited.

11. The requested extension will affect other deadlines in the Discovery Plan and Scheduling Order. This delay, however, affords the Defendants time to substantiate the information in their amended returns and the United States time to verify the same. Thus, the requested extension of the discovery period should not delay a fair and speedy determination of this matter nor "prejudice" the Defendants. *See Payless Shoesource Worldwide, Inc. v. Target Corp.*, 237 F.R.D. 666, 670 (D. Kan. 2006).

12. This motion is not being made for purposes of delay, or to prejudice any party, but instead to provide time to continue discovery in a manner that advances this litigation.

3

WHEREFORE, as set forth above, the United States respectfully requests that the Court amend its November 15, 2010 order to extend the discovery cutoff date (and the remaining deadlines) by sixty (60) days, as follows:

    Discovery cutoff date:    April 29, 2011

    Dispositive Motions:    June 1, 2011

    Pre-trial Order:    July 1, 2011 (or 30 days after disposition of any dispositive motions filed)

Respectfully submitted this 10th day of February, 2011.

    DANIEL G. BOGDEN
    United States Attorney

    /s/ Lee Perla
    LEE PERLA
    Trial Attorney, U.S. Dept. of Justice
    PO Box 683
    Washington, DC 20044
    Tel:    (202) 616-9183
    *Attorneys for the United States*

    IT IS SO ORDERED:

    _____
    UNITED STATES MAGISTRATE JUDGE

    DATED: March 7, 2011