1   DANIEL G. BOGDEN
    United States Attorney
2
    KAYCEE M. SULLIVAN
3   Trial Attorney, Tax Division
    U.S. Department of Justice
4   P.O. Box 683
    Ben Franklin Station
5   Washington, D.C. 20044-0683
    Telephone: (202) 514-9593
6   Facsimile:  (202) 307-0054
    kaycee.m.sullivan@usdoj.gov
7
    *Attorneys for the United States of America*
8
                    UNITED STATES DISTRICT COURT
9                       DISTRICT OF NEVADA

10

11  UNITED STATES OF AMERICA,                    Civil Case No. 2:10-cv-01337-RCJ-RJJ

12              Plaintiff,

13         v.

14  KEITH L. MARIS, individually and d/b/a
    Keith L. Maris Painting and Wallpaper,
15  DONNA  L. MARIS, INTERSTATE BANK,       **MEMORANDUM OF POINTS &**
    SSBI, as successor to Mortgage Electronic  **AUTHORITIES IN SUPPORT OF**
16  Registration Systems, Inc. (nominee of Aegis  **UNITED STATES' MOTION FOR**
    Funding Corporation), UNIVERSITY MEDICAL  **SUMMARY JUDGMENT**
17  CENTER, and ALLSTATE FINANCIAL
    SERVICES, INC.,
18
                Defendants.
19

20

21         The United States of America, by and through its undersigned attorneys, hereby submits the

22  following memorandum of points and authorities in support of its motion for summary judgment.

23                          **BACKGROUND**

24         The United States commenced this case to reduce to judgment federal tax assessments and to

25  foreclose federal tax liens against a parcel of real property located in Nevada.  The assessments at issue

26  are listed in paragraphs 10 through 17 of the United States' Complaint.  (ECF No. 1 at 3-5, ¶¶ 10-17).

27  The United States made these assessments after Defendants Keith L. Maris, individually and d/b/a Keith

28

L. Maris Painting and Wallpaper, and his wife, Donna L. Maris (collectively, "Defendants")[1] filed false income tax returns or failed pay in full or make timely deposits on their employment and unemployment tax liability.  These assessments resulted in the creation of federal tax liens upon all property and rights to property belonging to the Defendants.  The Court should grant the United States' motion for summary judgment and enter an order reducing the assessments to judgment, foreclosing the related liens, authorizing the sale of the real property defined in paragraph 9 of the Complaint, (ECF No. 1 at 3, ¶ 9) (hereinafter, the "Subject Property") and distributing the proceeds of the sale, first to the costs of the sale, and then to the parties according to their relative priorities as established by subsequent stipulation or Court order.

## STATEMENT OF UNDISPUTED FACTS

The United States submits the following Statement of Undisputed Facts ("SOF") in support of its motion for summary judgment:

1.      The Defendants filed several Form 1040 federal income tax returns ("tax returns") for each of the tax years ending December 31, 1995, December 31, 1997, December 31, 2000, and December 31, 2001.  Several versions of these tax returns were "zero returns" containing a "0" on each line, and were filed with documentation objecting to federal taxation.  *See* Declaration of Melissa L. Johnson ("Johnson Decl.") at ¶ 8, filed herewith and incorporated by reference.

Form 1040 - 1995

2.      The IRS conducted an audit assessment after the Defendants filed their first 1040 tax return for 1995.  The IRS subsequently made income tax assessments for 1995, 1997, 2000, and 2001, based on information the IRS received from third parties.  *See* Johnson Decl. at ¶ 9.

3.      The IRS computed the federal income tax liability using Information Reporting Program

---

[1] For the purposes of the United States' motion for summary judgment, Keith and Donna Maris are the Defendants. On September 2, 2010, University Medical Center filed a Disclaimer of Interest. (ECF No. 5).  On February 11, 2011, default was entered against Defendant Allstate Financial Services, Inc.  (ECF No. 80). Additionally, the United States and Interstate Bank entered into a stipulation that was approved by the Court on February 4, 2011, (ECF No. 71), delineating Interstate Bank's superior interest in the Subject Property.

Transcripts ("IRP Transcripts"), which are retrievable computer records that are maintained by the IRS reflecting data reported by third parties on various IRS forms, including Forms W-2 (employee wages), 1099 (non-employee compensation),and 1098 (home mortgage interest).  *See* Johnson Decl. at ¶ 10.

4.     Defendant Keith L. Maris signed a 1040 federal income tax return on or about June 6, 1997, for the tax period ending December 31, 1995.  *See* Johnson Decl. at ¶ 11, Ex. 1.

5.     Defendant Keith L. Maris signed a 1040 federal income tax return on or about June 10, 2007, for the tax period ending December 31, 1995.  *See* Johnson Decl. at ¶ 12, Ex. 2.

6.     Defendant Keith L. Maris signed a 1040 federal income tax return on or about April 14, 2009, for the tax period ending December 31, 1995.  *See* Johnson Decl. at ¶ 13, Ex. 3.

7.     On or about August 14, 2000, a duly authorized delegate of the Secretary of the Treasury made assessments against Defendants Keith L. and Donna L. Maris for United States individual income tax for the tax period ending December 31, 1995.  *See* Johnson Decl. at ¶ 14, Ex. 4.

8.     Prior to the making of the assessments, Defendants were mailed copies of the Statutory Notices of Deficiency and a Revenue Agent Report for the tax year 1995, explaining the basis of the assessments.  *See* Johnson Decl. at ¶¶ 15-16, Exs. 5-6.

Form 1040 - 1997

9.     Defendant Keith L. Maris signed a 1040 federal income tax return on or about January 8, 1999, for the tax period ending December 31, 1997.  *See* Johnson Decl. at ¶ 18, Ex. 8.

10.     Defendant Keith L. Maris signed a 1040 federal income tax return on or about June 10, 2007, for the tax period ending December 31, 1997.  *See* Johnson Decl. at ¶ 19, Ex. 9.

11.     On or about September 4, 2000, a duly authorized delegate of the Secretary of the Treasury made assessments against Defendants Keith L. and Donna L. Maris for United States individual income tax for the tax period ending December 31, 1997.  *See* Johnson Decl. at ¶ 20, Ex. 10.

12.     Prior to the making of the assessments, Defendants were mailed copies of the Statutory Notices of Deficiency and a Revenue Agent Report for the tax year 1997, explaining the basis of the assessments.  *See* Johnson Decl. at ¶¶ 21-22, Exs. 6, 11.

Form 1040 - 2000

13.     Defendant Keith L. Maris signed a 1040 federal income tax return "zero return" on or about August 8, 2000, for the tax period ending December 31, 2000.  *See* Johnson Decl. at ¶ 24, Ex. 14.

14.     Defendant Keith L. Maris signed a 1040 federal income tax return on or about June 10, 2007, for the tax period ending December 31, 2000.  *See* Johnson Decl. at ¶ 25, Ex. 15.

15.     Defendant Keith L. Maris signed a 1040 federal income tax return on or about July 1, 2010, for the tax period ending December 31, 2000.  *See* Johnson Decl. at ¶ 26, Ex. 16.

16.     On or about October 25, 2004, a duly authorized delegate of the Secretary of the Treasury made assessments against Defendants Keith L. and Donna L. Maris for United States individual income tax for the tax period ending December 31, 2000.  *See* Johnson Decl. at ¶ 27, Ex. 17.

17.     Prior to the making of the assessments, Defendants were mailed copies of the Statutory Notices of Deficiency and a Revenue Agent Report for the tax year 2000, explaining the basis of the assessments.  *See* Johnson Decl. at ¶¶ 28-29, Exs. 18-19.

Form 1040 - 2001

18.     Defendant Keith L. Maris signed a 1040 federal income tax return "zero return" for the tax period ending December 31, 2001.  *See* Johnson Decl. at ¶ 31, Ex. 21.

19.     Defendant Keith L. Maris signed a 1040 federal income tax return on or about June 10, 2007, for the tax period ending December 31, 2001.  *See* Johnson Decl. at ¶ 32, Ex. 22.

20.     Defendant Keith L. Maris signed a 1040 federal income tax return on or about July 1, 2010, for the tax period ending December 31, 2001.  *See* Johnson Decl. at ¶ 33, Ex. 23.

21.     On or about October 25, 2004, a duly authorized delegate of the Secretary of the Treasury made assessments against Defendants Keith L. and Donna L. Maris for United States individual income tax for the tax period ending December 31, 2001.  *See* Johnson Decl. at ¶ 34, Ex. 24.

22.     Prior to the making of the assessments, Defendants were mailed copies of the Statutory Notices of Deficiency and a Revenue Agent Report for the tax year 2001, explaining the basis of the assessments.  *See* Johnson Decl. at ¶¶ 35-36, Exs. 25-26.

Form 941 - Third Quarter 2002

23.     Defendant Keith L. Maris signed a Form 941 Employer's Quarterly Federal Tax Return on or about November 15, 2002, for the tax period ending September 30, 2002.  *See* Johnson Decl. at ¶ 38, Ex. 28.

24.     Defendant Keith L. Maris failed to timely pay the tax listed in the Form 941 Employer's Quarterly Federal Tax Return for the tax period ending September 30, 2002.  *See* Johnson Decl. at ¶ 40, Ex. 30.

25.     On or about December 23, 2002, a duly authorized delegate of the Secretary of the Treasury made assessments against Keith L. Maris, Keith L. Maris Painting and Wallpaper, for Employer's Quarterly Federal Tax Return (Form 941) for the tax period ending September 30, 2002 based upon Mr. Maris' filed return.  *See* Johnson Decl. at ¶ 39, Ex. 29.

Form 941 - Fourth Quarter 2002

26.     Defendant Keith L. Maris signed a Form 941 Employer's Quarterly Federal Tax Return on or about February 15, 2005, for the tax period ending December 31, 2002.  *See* Johnson Decl. at ¶ 41, Ex. 31.

27.     Defendant Keith L. Maris failed to fully pay the tax listed in the Form 941 Employer's Quarterly Federal Tax Return for the tax period ending December 31, 2002.  *See* Johnson Decl. at ¶ 43, Ex. 33.

28.     On or about May 30, 2005, a duly authorized delegate of the Secretary of the Treasury made assessments against Keith L. Maris, Keith L. Maris Painting and Wallpaper, for Employer's Quarterly Federal Tax Return (Form 941) for the tax period ending December 31, 2002 based upon Mr. Maris' filed return.  *See* Johnson Decl. at ¶ 42, Ex. 32.

Form 940 - 2002

29.     Defendant Keith L. Maris signed a Form 940 Employer's Annual Federal Unemployment Tax Return on or about February 15, 2005, for the tax period ending December 31, 2002.  *See* Johnson Decl. at ¶ 44, Ex. 34.

30.     On or about March 27, 2006, a duly authorized delegate of the Secretary of the Treasury made assessments against Keith L. Maris, Keith L. Maris Painting and Wallpaper, for Employer's Annual Federal Unemployment Tax Return (Form 940) for the tax period ending December 31, 2002 based on Mr. Maris' filed return.  *See* Johnson Decl. at ¶ 45, Ex. 33.

Notices of Federal Tax Liens

31.     On November 4, 2003, in order to provide notice to third parties of statutory liens in compliance with 26 U.S.C. § 6323, the IRS recorded a Notice of Federal Tax Lien (Record No. 20031104-00904) against Keith L. and Donna L. Maris with respect to their unpaid Form 1040 federal income tax liabilities for the tax periods ending December 31, 1995, and December 31, 2007, with the County Recorder of Clark County in Las Vegas, NV.  *See* Johnson Decl. at ¶ 54, Ex. 43.

32.     On December 27, 2004, in order to provide notice to third parties of statutory liens in compliance with 26 U.S.C. § 6323, the IRS recorded a Notice of Federal Tax Lien (Record No. 20041227-0003674) against Keith L. and Donna L. Maris with respect to their unpaid Form 1040 federal income tax liabilities for the tax periods ending December 31, 2000, and December 31, 2001, with the County Recorder of Clark County in Las Vegas, NV.  *See* Johnson Decl. at ¶ 55, Ex. 44.

33.     On January 31, 2005, in order to provide notice to third parties of statutory liens in compliance with 26 U.S.C. § 6323, the IRS recorded a Notice of Federal Tax Lien (Record No. 20050131-0006083) against Keith L. Maris, Keith L. Maris Painting and Wallpaper, with respect to his unpaid Form 941 federal employment tax liabilities for the quarterly tax period ending September 30, 2002, with the County Recorder of Clark County in Las Vegas, NV.  *See* Johnson Decl. at ¶ 56, Ex. 45.

34.     On June 16, 2005, in order to provide notice to third parties of statutory liens in compliance with 26 U.S.C. § 6323, the IRS recorded a Notice of Federal Tax Lien (Record No. 20050616-0003726) against Keith L. Maris, Keith L. Maris Painting and Wallpaper, with respect to his unpaid Form 941 federal employment tax liabilities for the quarterly tax period ending December 31, 2002, with the County Recorder of Clark County in Las Vegas, NV.  *See* Johnson Decl. at ¶ 57, Ex. 46.

35.     On February 13, 2007, in order to provide notice to third parties of statutory liens in

1   compliance with 26 U.S.C. § 6323, the IRS recorded a Notice of Federal Tax Lien (Record No.

2   20070213-0000646) against Keith L. Maris, Keith L. Maris Painting and Wallpaper, with respect to his

3   unpaid Form 940 federal employment tax liabilities for the annual tax period ending December 31, 2002,

4   with the County Recorder of Clark County in Las Vegas, NV.  *See* Johnson Decl. at ¶ 58, Ex. 47.

5   <u>Subject Property</u>

6        36.    The real property that is the subject of this foreclosure action ("Subject Property") is the

7   personal residence owned by defendants Keith L. Maris and Donna L. Marris, husband and wife as joint

8   tenants, located at 7089 Mountain Moss Drive, Las Vegas, Nevada 89147-3814, and is legally described

9   as follows:

> Lot Seventeen (17) in Block Eight (8) of Spring Valley Unite
> No. 8, as shown by map thereof on file in Book 20 of Plats,
> Page 41 and by Certificate of Amendment recorded April 5,
> 1978, in Book 869, as Document No. 828117 in the Office of
> the County Recorder of Clark County, Nevada.

13        37.    On or about May 15, 2003, a Quit Claim Deed for the Subject Property was recorded in

14   the name of Keith L. Maris and Donna Maris, Husband and Wife as Joint Tenants, by the County

15   Recorder of Clark County in Las Vegas, Nevada. Attached as Exhibit 48 is a true and correct copy of  the

16   Quit Claim Deed.  *See* Johnson Decl. at ¶ 60, Ex. 48.

17                                 **ISSUES**

18        1.    Whether Keith L. and Donna L. Maris are indebted to the United States for unpaid

19   assessed tax, penalties, and interest, plus accrued interest as provided by law, for the federal Form 1040

20   income tax liabilities for tax years 1995, 1997, 2000, and 2001.

21        2.    Whether Keith L. Maris, Keith L. Maris Painting and Wallpaper, is indebted to the United

22   States for unpaid assessed tax, penalties, and interest, plus accrued interest as provided by law, for Form

23   941 employment tax liabilities for the tax periods ending September 30, 2002, and December 31, 2002,

24   and for Form 940 unemployment tax liabilities for the tax period ending December 31, 2002.

25        3.    Whether the United States is entitled to foreclose its federal tax liens against the Subject

26   Property.

# STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the initial burden of showing an absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party may satisfy this burden by showing an absence of evidence supporting the nonmoving party's case. *Id.* Once the United States establishes the absence of genuine factual issues, it is incumbent on the non-moving party to "'set forth specific facts showing that there is a genuine issue for trial,' by evidence cognizable under [Fed. R. Civ. P. 56(e)]." *See UA Local 343 United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada, AFL-CIO v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1471 (9th Cir. 1994). This burden is not negligible, and "'[i]f the evidence is merely colorable or is not significantly probative summary judgment may be granted.'" *See id.* (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citation omitted)). Conclusory allegations unsupported by specific factual data are insufficient to create a triable issue of fact so as to preclude summary judgment. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

The United States may satisfy its initial burden by introducing proof of the tax assessments, which are entitled to a presumption of correctness.[2] *See Palmer v. Internal Revenue Service*, 116 F.3d 1309, 1312 (9th Cir. 1997). One method by which the United States may satisfy its initial burden is through the introduction of IRS Forms 4340, Certificates of Assessments and Payments. *See Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993). Generated under seal and signed by an authorized delegate of the Secretary of the Treasury, Forms 4340 are admissible into evidence as self-authenticating official records of the United States, carrying a presumption of correctness. *See Hughes v. United States*,

---

[2] It is unclear whether additional evidence in support of the Form 4340 assessments is necessary to make a minimal evidentiary showing in cases not alleging illegal income. *See Weimerskirch v. Commissioner*, 596 F.2d 358, 360 (9th Cir.1979). However, as discussed below, the United States has provided the additional factual evidence in this case to support of the Form 4340 assessments.

953 F.2d 531, 540 (9th Cir. 1992); *Rossi v. United States*, 755 F. Supp. 314, 318 (D. Or. 1990); Fed. R.

Evid. 803(8) and 902(1).  As a general rule, the "Certificates of Assessments and Payments establish[] a

*prima facie* case for the United States."  *United States v. Jones*, 33 F.3d 1137, 1139 (9th Cir. 1994);

*Oliver v. United States*, 921 F.2d 916, 919 (9th Cir. 1990) (same).

 After the United States establishes its *prima facie* case, the taxpayer must come forward and

produce evidence to show that the assessment was incorrect.  *See United States v. Jones*, 33 F.3d 1137,

1139 (9th Cir. 1994); *see also Higginbotham v. United States*, 556 F.2d 1173, 1176 (4th Cir. 1977).  The

nonmoving party may not rely on self-serving statements or conclusory allegations unsupported by

specific factual data – such naked assertions fall well short of overcoming the presumptions of official

regularity in tax administration.  *Higginbothem,* 556 F. 2d at 1175; *United States v. Ahrens*, 530 F. 2d

781, 785-878 (8th Cir. 1976); *see also Oliver v. United States*, 921 F.2d 916, 919 (9th Cir. 1990)

(holding that the taxpayer must refute the United States' *prima facie* case even if the United States'

establishes it as a counterclaim); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Here, the available

record taken as a whole shows that there is no genuine issue for trial and that the United States is entitled

to a judgment as a matter of law.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986) (quotations omitted).

## **ARGUMENT**

 The Court should grant the United States' motion for summary judgment and enter an order that

reduces the federal tax assessments to judgment and forecloses the federal tax liens.  The records and

documents attached to this motion establish the validity of the federal income, employment, and

unemployment tax assessments that the Court should now reduce to judgment.

### 1.  The Court should reduce to judgment the federal Form 1040 income tax assessments against Keith L. Maris and Donna L. Maris.

 In an action to collect taxes, the United States bears the initial burden of proof.  *Palmer v.*

*Internal Revenue Service*, 116 F.3d 1309, 1312 (9th Cir. 1997).  The government may satisfy its initial

burden by introducing proof of the tax assessments, which are entitled to a presumption of correctness so

1    long as they are supported by a minimal factual foundation. *Id.*; *United States v. Stonehill*, 702 F.2d

2    1288, 1293 (9th Cir. 1983) but note that it is unclear whether additional evidence in support of the Form

3    4340 assessments is necessary to make a minimal evidentiary showing in cases not alleging illegal

4    income. *See Weimerskirch v. Commissioner,* 596 F.2d 358, 360 (9th Cir.1979).  In this case, the United

5    States has offered the IRS Forms 4340, Certificates of Assessments and Payments as proof of the federal

6    income tax assessments against the Defendants for the tax years ending December 31, 1995, December

7    31, 1997, December 31, 2000, and December 31, 2001.  *See* Johnson Decl. at Exs. 4, 10, 17, 24.

8    Additionally, the relevant Certificates of Assessments and Payments for the employment tax assessments

9    for the quarterly periods ending September 30, 2002, and December 31, 2002, as well as the annual

10   period ending December 31, 1992, are attached as Exhibits 29, 32, and 35, to Johnson Decl.[3]  These

11   Certificates of Assessment provide *prima facie* evidence that the tax liabilities at issue were properly

12   assessed against the Defendants by a duly authorized delegate of the Secretary of Treasury, 26 U.S.C. §§

13   6201-6203, and that the notices and demand for payment of the liabilities were properly sent.  26 U.S.C.

14   §§ 6303(a) & 6321; *see also Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curium);

15   *United States v. Chila*, 871 F.2d 1015, 1017-1019 (11th Cir. 1989).  *See* Johnson Decl. at Exs. 4, 10, 17,

16   24, 29, 32, 35.  The notation of "Return Filed & Tax Assessed" shows that assessments were made based

17   on a return filed by the Defendants; the notation "Additional Tax Assessed By Examination Agreed

18   Audit Deficiency" demonstrates that additional assessments were made pursuant to an examination.  *Id*.

19   The notation "Statutory Notice of Balance Due" demonstrates that the assessments were properly made

20   and that the Defendants received notice and demand for the outstanding liabilities. *Id.*

21        In this case, the United States has submitted the Form 4340s and met its evidentiary foundation

22   for the federal income tax assessments for the tax year 1995, 1997, 2000, and 2001 through the exhibits

23   attached to the Johnson Declaration.  *See* Johnson Decl. at ¶¶ 11-37, Exs. 1-27.   The introduction of this

24

25

26        [3] The United States is not seeking summary judgment for the 940 liability for the 2004 tax period.

27

28   Memorandum in Support of
     Motion for Summary Judgment                    - 10 -                    Civil Case No. 2:10-cv-01337-RCJ-RJJ

evidence establishes the United States' *prima facie* case to reduce the federal income tax assessments to judgment.

Once the United States establishes its *prima facie* case, the burden shifts to the taxpayers to overcome this presumption by countervailing proof.  *United States v. Strebler*, 313 F.2d 402, 403 (8th Cir. 1963) (*citing Paschal v. Blieden*, 127 F.2d 398, 401 (8th Cir. 1942)).  In this case, the Defendants have filed $0 tax returns, along with documentation objecting to federal taxation.  *See* SOF at ¶ 1.  Defendants later filed multiple returns for the same tax years, listing different amounts each time but failing to provide receipts or documentation in support of the deductions claimed in these returns. *See* Johnson Decl. at Exs. 1-3, 8-9, 14-16, 21-23.

The Defendants filed multiple federal income tax returns for each of the relevant tax years, changing the listed income and deductions each time.  In his deposition, Keith Maris stated that he views the latest returns to be the "most correct" versions of his tax liabilities for each relevant period.  Mr. Maris admitted that earlier versions for federal income tax period were incorrect and at least for 1995, admitted that he understated income.  *See* Declaration of Kaycee M. Sullivan ("Sullivan Decl.") filed herewith, at ¶ 3, Ex. 2 at Tr. 51:24-52:1 ("Q. Do you believe this [1995 Form 1040 federal income tax return] is understating or overstating [income]? A. Understating."). The IRS reviewed the information contained within these returns and assessed additional taxes and penalties where appropriate.  Currently, the total accrued balance for outstanding federal income tax liability for each of the relevant tax years owed by the Defendants is $565,658.58, as of October 17, 2011:

| Tax Period | Tax Type | Assessment Date | Total Est. Amt. Accrued as of Oct. 17, 2011 |
|---|---|---|---|
| 1995 | 1040 (Joint) | Aug. 14, 2000 | $73,068.97 |
| 1997 | 1040 (Joint) | Sept. 4, 2000 | $41,384.73 |
| 2000 | 1040 (Joint) | Oct. 25, 2004 | $300,538.78 |
| 2001 | 1040 (Joint) | Oct. 25, 2004 | $150,666.10 |
| | | **Total:** | **$565,658.58** |

1      A.   <u>Income</u>

2          Section 61(a) of the Internal Revenue Code defines gross income as "all income from whatever

3   source derived,"  including income derived from business.  26 U.S.C. § 61(a)(1) and (2).  Every individual

4   liable for tax is required to maintain books and records sufficient to establish the amount of his or her

5   gross income.  26 U.S.C. § 6001; *Brockman v. Commissioner*, 1988 WL 31915, *1 (9th Cir. 1988); *DiLeo*

6   *v. Commissioner*, 96 T.C. 858, 867 (1991), *aff'd*, 959 F.2d 16 (2d Cir. 1992).  Where a taxpayer fails to

7   maintain or produce adequate books and records, the Commissioner is authorized to compute the

8   taxpayer's taxable income by any method that clearly reflects income.  26 U.S.C. § 446(b); *Holland v.*

9   *United States*, 348 U.S. 121 (1954); *Palmer v. Internal Revenue Service*, 116 F.3d 1309, 1312 (9th Cir.

10  1997); *see also* 26 U.S.C. § 6020(a).  The taxpayer bears the burden of proving that the Commissioner's

11  method of computation is incorrect.  *Parks v. Commissioner*, 94 T.C. 654, 661 (1990).

12         Here, the Defendants have failed to maintain contemporaneous books and records for all of the

13  relevant tax years sufficient to establish the amount of their gross income.  In his deposition, Mr. Maris

14  testified that he did not have any receipts for the relevant tax periods.  *See* Sullivan Decl. at ¶ 2, Ex.1.

15  Mr. Maris testified that he used Quickbooks for the 2000 and 2001 tax years, but stated that he did not

16  maintain copies of the documents to show the source of the numbers entered into the program.  *Id.*

17  Because the Defendants have failed to maintain or produce adequate books and records sufficient to

18  establish the amount of their gross income, the Defendants bear the burden of demonstrating that the

19  Commissioner's method of computing their income is incorrect.  *Parks v. Commissioner*, 94 T.C. 654, 661

20  (1990).

21          In this case, the IRS used third-party sources to establish the total amount of income attributable

22  to the Defendants.  The IRS computed the federal income tax liability using Information Reporting

23  Program Transcripts, which are retrievable computer records that are maintained by the IRS reflecting

24  data reported by third parties on various IRS forms, including Forms W-2 (employee wages), 1099

25  (non-employee compensation), and 1098 (home mortgage interest).  *See* Johnson Decl. at ¶ 10.  Here, the

28  Memorandum in Support of
    Motion for Summary Judgment              - 12 -              Civil Case No. 2:10-cv-01337-RCJ-RJJ

1   Defendants have failed to produce evidence that demonstrates that the IRS' method of computing income

2   was incorrect.

3           B.   <u>Deductions</u>

4           It is well-settled that "an income tax deduction is a matter of legislative grace and that the burden

5   of clearly showing the right to the claimed deduction is on the taxpayer." *INDOPCO, Inc. v.*

6   *Commissioner*, 503 U.S. 79, 84 (1992).   For this reason, "deductions are strictly construed and allowed

7   only 'as there is a clear provision therefor.'"   *Id.* (quoting *New Colonial Ice Co. v. Helvering*, 292 U.S.

8   435, 440 (1934).  As such, "the taxpayer bears the burden of showing that he or she meets every condition

9   of a tax exemption or deduction." *Davis v. Commissioner*, 394 F.3d 1294, 1298 (9th Cir. 2005). One such

10  condition is the substantiation requirement.  Pursuant to 26 U.S.C. § 6001, a taxpayer is required to "keep

11  such records, render such statements, make such returns, and comply with such rules and regulations . . .

12  as the Secretary deems sufficient to show whether or not such person is liable for tax under this title."[4]  "It

13  is the taxpayer's burden to substantiate claimed deductions." *Maciel v. Commissioner*, 489 F.3d 1018,

14  1028 (9th Cir. 2007) (citing *Boyd Gaming Corp. v. Commissioner*, 177 F.3d 1096, 1098 (9th Cir.1999);

15  see also 26 C.F.R. § 1.162-17(d)(3).  "If evidence to establish a deduction is lacking, the taxpayer, not the

16  government, suffers the consequence." *Talley Industries Inc. v. Commissioner*, 116 F.3d 382, 387 (9th

17  Cir. 1997).

18          In this case, the Defendants have failed to maintain books and records to demonstrate that they are

19  entitled to take the deductions claimed.  In his deposition, Mr. Maris testified that he did not have any

20  receipts for the relevant tax periods.  *See* Sullivan Decl. at ¶ 2, Ex.1.  Mr. Maris testified that he used

21  Quickbooks for the 2000 and 2001 tax years, but stated that he did not maintain copies of the documents

22  to show the source of the numbers entered into the program.  *Id.*  For example, the Defendants' various

23  tax returns claim numerous deductions in different amounts for expenses associated with the painting and

24

25

---

26       [4] *See also* 26 C.F.R. § 1.6001-1(a), requiring a taxpayer to "keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information."

27

28

1    drywall business.  However, Defendants have failed to meet the burden of production by failing to

2    produce documentation that satisfies the test outlined by the Court of Appeals for the Ninth Circuit:

> In order to qualify for a deduction under § 162(a), "an item must
> (1) be 'paid or incurred during the taxable year,' (2) be for
> 'carrying on any trade or business,' (3) be an 'expense,' (4) be a
> 'necessary' expense, and (5) be an 'ordinary' expense." *Comm'r v.*
> *Lincoln Sav. & Loan Ass'n*, 403 U.S. 345, 352 (1971). The term
> "necessary" imposes "only the minimal requirement that the
> expense be 'appropriate and helpful' for 'the development of the
> [taxpayer's] business.' " *Comm'r v. Tellier*, 383 U.S. 687, 689
> (1966) (alteration in the original) (quoting *Welch v. Helvering*, 290
> U.S. 111, 113 (1933)). An "ordinary" expense must be related to a
> transaction "of common or frequent occurrence in the type of
> business involved." *Deputy v. du Pont*, 308 U.S. 488, 495 (1940).

10   *Smith v. Commisioner*, 300 F.3d 1023, 1029 (9th Cir. 2002).  The taxpayer bears the burden of proving his

11   expenditures are ordinary and necessary under 26 U.S.C. § 162.  *See Kurzet v. Commisioner*, 22 F.3d 830,

12   834 (10th Cir. 2000).  In order to be permitted such deductions, the taxpayer must set forth sufficient

13   information to prove "the amount, time, place and business purpose of each expense, . . . which this Court

14   must have in order to make an expenditure-by-expenditure determination of the deductibility of each of

15   the expense items claimed."  *Speck v. United States*, 28 Fed. Cl. 254, 278-79 (Fed. Cl. 1993) (citing

16   *Dowell v. United States*, 522 F.2d 708, 714 (5th Cir. 1975).  "Indeed, if such item-by-item substantiation

17   is lacking, the deduction must be disallowed in its entirety."  *Id.*

18          Additionally, Defendants claim deductions for many "miscellaneous" expenses that fail to have

19   any identified business purpose.  26 U.S.C.  § 262(a) generally prohibits the deduction of "personal,

20   living, or family expenses."  *See United States v. Gilmore*, 372 U.S. 39, 46 (1963).  Taxpayers must show

21   that their claimed business expenses were incurred primarily for business rather than for personal reasons.

22   To show that an expense was not personal, the taxpayer must show that it was incurred primarily to

23   benefit the business, and there must have been a proximate relationship between the claimed expense and

24   the business.  *E.g., Pfluger v. Commissioner*, 840 F.2d 1379, 1383-84 (7th Cir. 1988).  In this case, the

25   Defendants have failed to produce sufficient documentation to substantiate their deductions by failing to

26   maintain books and records that demonstrate that those expenses were "ordinary and necessary" and for a

1  business purpose.  Because the Defendants have failed to produce documentation to substantiate their

2  claimed deductions, the deductions must be disallowed.

3

4          C.   Additions to Tax

5          In general, the Commissioner bears the burden of production under IRC section 7491(c) with

6  respect to evidence which would support imposition of a penalty.  *Higbee v. Commisioner*, 116 T.C. 438

7  (2001).  There, the Court states that the meaning of "burden of production" is evidenced from the

8  legislative history of section 7491(c), which sets forth:

9                in any court proceeding, the Secretary must—initially come
              forward with evidence that it is appropriate to apply a particular
10             penalty to the taxpayer before the court can impose the penalty.
              This provision is not intended to require the Secretary to introduce
11             evidence of elements such as reasonable cause or substantial
              authority. Rather, the Secretary must come forward initially with
12             evidence regarding the appropriateness of applying a particular
              penalty to the taxpayer; if the taxpayer believes that, because of
13             reasonable cause, substantial authority, or a similar provision, it is
              inappropriate to impose the penalty, it is the taxpayer's
14             responsibility (and not the Secretary's obligation) to raise those
              issues. [H. Conf. Rept. 105–599, supra at 241, 1998–3 C.B. at
15             995.]

16  *Id.* at 446.  In this case, the United States has met that initial burden by providing documentation showing

17  that the Defendants have been assessed with penalties for each of the tax periods at issue, including

18  accuracy penalties under Section 6662(a) (tax period 1995), failure to pay tax penalties under Section

19  6651(a)(1) (tax periods 1995, 1997[5], 2000, 2001, 4Q02, 2002), late filing penalties under Section

20  6651(a)(2) (tax period 1997, 2000, 2001, 4Q02, 2002), estimated tax penalties under Section 6654 (tax

21  period 2000, 2001), and, as discussed below, federal tax deposit penalties under Section 6656 (tax periods

22  3Q02, 4Q02).  *See* Johnson Decl. at Exs. 4, 10, 17, 24, 29, 32, 35.  As a matter of law, it is now the

23  Defendants' obligation to show why they are not liable for those penalties.  *Id.*

24

25

26          [5] Note that as listed on the Form 4340s, some penalties for 1997 have been abated.  *See* Johnson Decl. at
27  Ex. 10.

28  Memorandum in Support of
    Motion for Summary Judgment                    - 15 -                    Civil Case No. 2:10-cv-01337-RCJ-RJJ

1

**2.    The Court should reduce to judgment the federal Form 941 employment tax assessments and Form 940 unemployment tax assessments against Keith L. Maris, Keith L. Maris Painting and Drywall.**

2

Keith L. Maris filed Form 941 employment tax returns for the quarterly tax periods ending September 30, 2002, and December 30, 2002, as well as Form 940 unemployment tax returns for the tax period ending December 31, 2002, for the Keith L. Maris Painting and Drywall business.  *See* Johnson Decl. at ¶¶ 38, 41, 44, Exs. 28, 31, 34.  Because Mr. Maris filed these tax returns late in some instances, failed to pay the tax owed, and failed to pay the federal tax deposits, the IRS issued assessments and penalties including failure to pay tax penalties under Section 6651(a)(1) (tax periods 4Q02, 2002), late filing penalties under Section 6651(a)(2) (tax period 4Q02, 2002), and federal tax deposit penalties under Section 6656 (tax periods 3Q02, 4Q02).  *See* Johnson Decl. at  ¶¶ 39, 42, 45, Exs. 29, 32, 35.   During discovery, Mr. Maris admitted that he filed these returns with the listed amounts of liabilities.  *See* Sullivan Decl. at ¶¶ 4-5, Exs. 3-4.  Accordingly, there is no dispute regarding these assessments and the United States' is entitled to summary judgment reducing them to judgment.

| Tax Period | Tax Type | Assessment Date | Total est. Amt. Accrued as of Oct. 17, 2011 |
|---|---|---|---|
| 3Q2002 | 941 | Dec. 23, 2002 | $2,635.34 |
| 4Q2002 | 941 | May 30, 2005 | $50,340.28 |
| 2002 | 940 | Mar. 27, 2006 | $1,566.14 |

**Total:        $54,541.76**

In this case, Keith L. Maris has admitted that he did not pay all taxes owed for the Form 941 and Form 940 employment liabilities.  *See, e.g.,*  Sullivan Decl. at ¶ 4, Ex. 3 regarding the Form 941 liability for the tax period ending December 31, 2002:

Q.  There is an outstanding account balance here of $35,341.  Do you see that?

A.  Yes.

Q.  Do you believe that to be correct?

> A.  I believe that I owed some on that, I owed a sum of money, and
> I had filed a piece of paper with the IRS that I did owe a sum of
> money on that, but I'm not sure of the accuracy of the penalties
> and interest.

*Id.* at Tr. 100:18-25.  Defendant Keith L. Maris also agreed that he owed the outstanding account balance

for the Form 940 tax liability for 2002.  *See* Sullivan Decl. at ¶ 4, Ex. 3 at Tr. 102:19-20.  Thus, as a

matter of law, Mr. Maris is liable for outstanding balances owed for these periods, including penalties.

Accordingly, the Court should find that the United States' assessments are legally correct and that

Defendant Keith L. Maris, Keith L. Maris Painting and Drywall has failed to refute these assessments.  As

such, the Court should enter an order reducing these federal employment tax assessments to judgment.

### 3.    The Court should foreclose on the federal tax liens.

Pursuant to 26 U.S.C. § 6321, the United States obtains a lien "upon all property and rights to

property, whether real or personal, belonging to" any taxpayer who neglects or refuses to pay taxes after

notice and demand.  This lien arises as of the date of assessment and continues until the tax liability is

extinguished.  26 U.S.C. § 6322.  It is effective as against the taxpayer without the filing of a notice of

lien.  *See* 26 U.S.C. § 6323(a).

As shown by the Forms 4340 attached to the Johnson Declaration, numerous federal tax

assessments have been made against the Defendants, and they have neglected to pay them after notice and

demand.  *See* Johnson Decl. at Exs. 4, 10, 17, 24, 29, 32, 35.  Statutory tax liens therefore arose as of the

dates of the assessments and attached to all property and rights to property of the Defendants, including

the Subject Property.  26 U.S.C. § 6321. Those liens remain in full force and effect as of the date hereof,

since, as shown by the Forms 4340, the Defendants have outstanding tax liabilities.  26 U.S.C. § 6322.

Once it is established that the United States has liens upon property, the Court "may decree a sale

of such property, by the proper officer of the court, and a distribution of the proceeds of such sale

according to the findings of the court in respect to the interests of the parties and the United States."  26

U.S.C. § 7403(c); *see also* 28 U.S.C. § 2001 *et. seq.*; *United States v. Rodgers*, 461 U.S. 677, 693-94

(1983).  By operation of 26 U.S.C. §§ 6321, 6322, liens in favor of the United States arise upon all

1  property and rights to property, whether real or personal, belonging to the Defendants, upon the dates of

2  the assessments.

3      Section 7403 of the Internal Revenue Code, 26 U.S.C., provides authority for this Court to order a

4  judicial sale of the Subject Property to satisfy the unpaid tax liabilities of the Defendants:

5          In any case where there has been a refusal or neglect to pay any
           tax, or to discharge any liability in respect thereof, whether or not
6          levy has been made, the Attorney General or his delegate, at the
           request of the Secretary, may direct a civil action to be filed in a
7          district court of the United States to enforce the lien of the United
           States under this title with respect to such tax or liability or to
8          subject any property, of whatever nature, of the delinquent, or in
           which he has any right, title, or interest, to the payment of such tax
9          or liability.

10  26 U.S.C. § 7403(a).  All parties "having liens upon or claiming any interest in the property involved in

11  such action" have been named as defendants to this action as required by subsection (b) of section 7403.

12  Accordingly, the Court may proceed to adjudicate the merits of the claims against the Subject Property,

13  order a sale, and distribute the proceeds according to the priority of the claims:

14

15          The court shall, after the parties have been duly notified of the
           action, proceed to adjudicate all matters involved therein and
16          finally determine the merits of all claims to and liens upon the
           property, and, in all cases where a claim or interest of the United
17          States therein is established, may decree a sale of such property, by
           the proper officer of the court, and a distribution of the proceeds of
18          such sale according to the findings of the court in respect to the
           interests of the parties and of the United States.

19  26 U.S.C. § 7403(c); *see United States v. Rodgers*, 461 U.S. 677 (1983) (family home sold under section

20  7403 to satisfy tax liens arising from husband's tax liability).

21      As set forth above, there can be no genuine dispute that the United States assessed taxes against

22  the Defendants, the Defendants have refused or neglected to pay those taxes owed after notice and

23  demand, and the United States has valid liens against the Defendants under 26 U.S.C. § 6321.  Moreover,

24  the Defendants admit they have a property interest in the Subject Property.  *See, e.g.*, (ECF No. 36 at 3-4)

25  ("The Maris' own the ('Property') as tenants by the entirety.").  The Defendants also concede that the

26

27

28  Memorandum in Support of
    Motion for Summary Judgment          - 18 -          Civil Case No. 2:10-cv-01337-RCJ-RJJ

1   United States has liens upon this property.  *See id*. at 4 ("after Maris failed to resolve his tax liabilities, the

2   IRS issued federal tax liens attaching to both their properties and rights to property").

3         The United States filed Notices of Federal Tax Lien for each of the assessments to provide notice

4   to third parties, and recorded such notices with the County Recorder of Clark County in Las Vegas,

5   Nevada.  *See* SOF at ¶¶ 31-35.  In accordance with 26 U.S.C. § 7403(b), the United States named all

6   parties with an interest in the Subject Property.  *See* Complaint. (ECF No. 1).  Defendant University

7   Medical Center of Southern Nevada disclaimed any interest in the Subject Property on September 2, 2010.

8   (ECF No. 5).  On February 11, 2011, default[6] was entered against Defendant Allstate Financial Services,

9   Inc.  (ECF No. 80).  Finally, the United States and Interstate Bank entered into a stipulation that was

10  approved by the Court on February 4, 2011, (ECF No. 71), delineating Interstate Bank's superior interest

11  in the Subject Property.  Here, as discussed above and supported by the record and the declarations filed

12  herewith, all of the elements necessary for the Court to order a judicial sale under 26 U.S.C. § 7403 are

13  present.  The Defendants have refused and neglected to pay their federal tax liabilities.  Liens for taxes

14  have arisen against all of their property and rights to property, including the Subject Property herein.  The

15  tax liens against that property should be foreclosed.  The Subject Property should be sold at auction with

16  the proceeds to be distributed first to the allowed costs of sale, then to the parties in order of priority, with

17  any balance to be applied toward the unpaid tax liabilities of the Defendants until the funds are exhausted.

18                                    **CONCLUSION**

19        For the foregoing reasons, the United States respectfully requests that the Court enter summary

20  judgment as follows:

21        (a)   That the Court enter Judgment against Defendants Keith L. Maris and Donna L. Maris,

22  jointly, in favor of the United States of America in the amount of $565,658.58, plus interest accruing after

23  October 17, 2011, pursuant to 26 U.S.C. §§ 6601, 6621 & 6622, and 28 U.S.C. § 1961(c) until paid in

24  full;

25

26        [6] The United States will promptly file a motion for default judgment against Defendant Allstate Financial
      Services, Inc.

27

28  Memorandum in Support of
    Motion for Summary Judgment                    - 19 -            Civil Case No. 2:10-cv-01337-RCJ-RJJ

(b)   That the Court enter Judgment against Defendant Keith L. Maris individually and doing business as Keith L. Maris Painting & Wallpaper in favor of the United States of America in the amount of $54,541.76, plus interest accruing after October 17, 2011, pursuant to 26 U.S.C. §§ 6601, 6621 & 6622, and 28 U.S.C. § 1961(c) until paid;

(c)   That the Court order that the United States of America has valid and subsisting liens in the amount of $565,658.63, plus interest accruing after October 17, 2011, pursuant to 26 U.S.C. §§ 6601, 6621 & 6622, and 28 U.S.C. § 1961(c) until paid, on all property and rights to property belonging to the Defendants including, without limitation, the Subject Property;

(d)   That the Court order that the United States of America has valid and subsisting liens in the amount of  $54,541.77, plus interest accruing after October 17, 2011, pursuant to 26 U.S.C. §§ 6601, 6621 & 6622, and 28 U.S.C. § 1961(c) until paid, on all property and rights to property belonging to Keith L. Maris individually and doing business as Keith L. Maris Painting & Wallpaper including, without limitation, the Subject Property;

(e)   That the Court order that the federal tax liens against the Defendants be foreclosed upon their interest in the Subject Property, that the Subject Property be ordered sold, and that the proceeds be distributed first to the costs of the sale, and then to the parties according to their relative priorities as established by subsequent stipulation or Court order; and

(f)   The Court grant any other relief that may be just and proper.


DATED this 14th day of October, 2011.


Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

 /s/ Kaycee M. Sullivan
KAYCEE M. SULLIVAN
Trial Attorney, Tax Division
United States Department of Justice

*Attorneys for the United States of America*

1

## CERTIFICATE OF SERVICE

2       IT IS HEREBY CERTIFIED that service of the foregoing has been made on this date by

3  depositing a copy of the foregoing in the United States mail in a postage prepaid envelope addressed to:

4

5       KEITH MARIS
        DONNA MARIS
6       7089 Mountain Moss Drive
        Las Vegas, NV 89147
7       Telephone:  (702) 367-1097
        (Defendants, pro-se)
8

9
        Service on the following was made by electronic filing through the Court's CM/ECF system on
10
   this same date:
11

12      JOSHUA H. REISMAN, ESQ.
        ELIZABETH M. SOROKAC, ESQ.
13      9480 South Eastern Avenue, Suite 257
        Las Vegas, Nevada 89123
14      Email:  jreisman@rsnvlaw.com
        esorokac@rsnvlaw.com
15      (Attorneys for Interstate Bank, ssb)

16      MARY-ANNE M. MILLER, ESQ.
        Clark County District Attorney
17      500 South Grand Central Parkway, 5th Floor
        PO Box 552215
18      Las Vegas, Nevada 89155-2215
        Email: Anne.miller@ccdanv.com
19      (Attorney for Defendant University Medical Center)

20

21      Dated this 14th day of October, 2011.

22
                                        /s/ Kaycee M. Sullivan
23                                      KAYCEE M. SULLIVAN
                                        Trial Attorney, Tax Division
24                                      U.S. Department of Justice

25

26

27

28
   Memorandum in Support of
   Motion for Summary Judgment                  - 21 -              Civil Case No. 2:10-cv-01337-RCJ-RJJ