1

2

3

4

5

6                              **UNITED STATES DISTRICT COURT**

7                                  **DISTRICT OF NEVADA**

8    UNITED STATES OF AMERICA,              )
                                            )
9              Plaintiff,                    )
                                            )
10             v.                            )              2:10-cv-1337-RCJ-RJJ
                                            )
11                                           )              **ORDER**
     KEITH L. MARIS, individually and d/b/a  )
12   Keith L. Maris Painting and Wallpaper,  )
     DONNA L. MARIS, INTERSTATE BANK,        )
13   SSBI, as successor to Mortgage Electronic )
     Registration Systems, Inc. (Nominee of  )
14   Aegis Funding Corporation), UNIVERSITY  )
     MEDICAL CENTER, and ALLSTATE           )
15   FINANCIAL SERVICES, INC.,               )
                                            )
16             Defendants.                   )
                                            )
17   _____ )

18             Currently before the Court is the U.S. government's motion for summary judgment (#99)

19   against Defendants Keith and Donna Maris and the government's motion for default judgment

20   (#101) against Defendant Allstate Financial Services, Inc. ("Allstate").   For the following

21   reasons, the Court grants in part and denies in part the government's motion for summary

22   judgment and grants in full the government's motion for default judgment.

23                                  **BACKGROUND**

24             On August 8, 2010, the U.S. government filed a complaint to reduce assessments to

25   judgment and to foreclose federal tax liens on real property against Keith Maris; Donna Maris;

26   Interstate Bank, SSB ("Interstate"); University Medical Center; and Allstate.  (Compl. (#1) at

27   1).  The government brought the civil action to (a) reduce Keith and Donna Maris' (collectively

28   "Defendants") outstanding federal individual income tax assessments to judgment; (b) reduce

     to judgment Keith's outstanding federal employment and unemployment tax assessments

made against him under his business as Keith L. Maris Painting and Wallpaper; and (c) to foreclose related federal tax liens on real property located at 7089 Mountain Moss Drive, Las Vegas, Nevada, 89147 (the "Subject Property").  (*Id*. at 1, 3).  The government listed Interstate, University Medical Center, and Allstate as parties in the suit, pursuant to 26 U.S.C. § 7403(b), because they might claim an interest in the Subject Property, which the government is seeking to foreclose.  (*Id*. at 2-3).

The government commenced this suit, pursuant to 26 U.S.C. §§ 7401, 7403 at the direction of the Attorney General and with the authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury.  (*Id*. at 2).  The government asserted that this Court has jurisdiction over this case pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340, 1345.  (*Id*.).

In the first claim for relief, the government asserted that Defendants owed a total of $539,568.30 in unpaid federal income taxes (Form 1040), penalties, interest, and other statutory additions for the 1995, 1997, 2000, and 2001 tax periods.  (*Id*. at 3-4).  In the second claim for relief, the government asserted that Defendant Keith Maris (doing business as Keith L. Maris Painting and Wallpaper) owed a total of $53,427.72 in unpaid federal employment and unemployment taxes (Forms 941 and 940), penalties, interest, and other statutory additions for 2002 and 2004.[1]  (*Id*. at 4-5).  In the third claim for relief, the government asserted that a duly authorized delegate of the Secretary of Treasury had recorded five different notices of federal tax liens against Defendants regarding their tax assessments.  (*Id*. at 5-6; *see also* Johnson Decl. (#99-5), Exs. 43-47).  The government asserted that, pursuant to 26 U.S.C. § 7403(c), it is entitled to a decree of sale of the real property to enforce its tax liens.  (Compl. (#1) at 6).

Defendants—who are proceeding pro se—filed a motion for summary judgment on December 8, 2010, claiming that the government could not succeed on its claims because the

---

[1] This includes 3rd quarter 2002 (Form 941), 4th quarter 2002 (Form 941), 2002 (Form 940), and 2004 (Form 940).  (*Id*. at 4-5).

1  assessments were time-barred, the collection was time-barred, and the government could not

2  foreclose on the Subject Property because it had not complied with 26 U.S.C. § 6334(e)(1)(A).

3  (Mot. for Summ. J. (#36) at 7, 12, 13).  This Court denied Defendants' motion for summary

4  judgment by order dated February 4, 2011, finding that the government had filed the

5  assessments within the relevant statute of limitations period, the IRS had timely commenced

6  a proceeding for collection, and the government had complied with 26 U.S.C. § 6334(e)(1)(A).

7  (Order (#71) at 10).

8      The government then filed a motion for summary judgment on October 14, 2011,

9  seeking (1) an entry of judgment against Defendants in the amount of $565,658.58 plus

10  interest accruing after October 17, 2011 for unpaid income tax, penalties, and interest; (2) an

11  entry of judgment against Keith Maris in the amount of $54,541.76 plus interest accruing after

12  October 17, 2011 for unpaid employment and unemployment taxes, penalties, and interest;

13  (3) a court order that the government has a valid lien against Defendants in the amount of

14  $565,658.58 plus interest accruing after October 17, 2011; (4) a court order that the

15  government has a valid lien against Keith Maris (doing business as Keith L. Maris Painting and

16  Wallpaper) in the amount of $54,541.76 plus interest accruing after October 17, 2011; and (5)

17  a court order that the tax liens against Defendants' interest in the Subject Property be

18  foreclosed and that the Subject Property be sold.  (Mot. for Summ. J. (#99) at 2-3).  Defendant

19  filed an opposition to the government's motion for summary judgment on November 4, 2011,

20  contending that the claims were time-barred because the assessments were not filed within

21  the statutory period required, the collection was time-barred, and the government could not

22  foreclose on the property because it had not complied with 26 U.S.C. § 6334(e)(1)(A).  (Opp'n

23  to Mot. for Summ. J. (#102) at 9, 34, 37).

24      The government also filed a motion for default judgment against Allstate on November

25  2, 2011 for failure to plead or defend its interests in the Subject Property pursuant to Fed. R.

26  Civ. P. 55(b).  (Mot. for Default J. (#101)).  Allstate has yet to respond to this motion.

27                                    **LEGAL STANDARD**

28      The purpose of summary judgment is to dispose of factually unsupported claims and

3

1   defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  A court must grant

2   summary judgment when "the movant shows that there is no genuine dispute as to any

3   material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

4   A fact is material if it may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477

5   U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence

6   for a reasonable jury to return a verdict for the nonmoving party.  *Id.*

7       When presented with a motion for summary judgment, the court employs a burden-

8   shifting analysis.  In actions to collect taxes, the government bears the initial burden of proof.

9   *Palmer v. Internal Revenue Serv.*, 116 F.3d 1309, 1312 (9th Cir. 1997).  The government may

10  satisfy its initial burden by introducing proof of the tax assessments, which are entitled to a

11  presumption of correctness so long as they are supported by a minimal factual foundation.

12  *Id.*  Tax assessments may be proven through the introduction of IRS Form 4340 Certificates

13  of Assessments and Payments.  *See Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993).

14  Form 4340 Certificates of Assessments and Payments constitute proof that the assessments

15  were actually made and they are entitled to a presumption of correctness.  *Hughes v. Unites*

16  *States*, 953 F.2d 531, 535, 540 (9th Cir. 1992).

17      After the government has satisfied its initial burden, the taxpayer bears the burden of

18  presenting evidence showing that the assessment is incorrect.  *See Palmer*, 116 F.3d at 1311;

19  *United States v. Jones*, 33 F.3d 1137, 1139 (9th Cir. 1994).  The nonmoving party cannot

20  avoid summary judgment by solely relying on conclusory allegations that are unsupported by

21  factual data.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  The opposition must

22  go beyond the allegations and assertions of the pleadings and set forth specific fact by

23  providing the court with competent evidence that establishes a genuine issue for trial.  FED.

24  R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 324.  The evidence of the nonmovant must be

25  believed, and all justifiable inferences drawn in his favor, but summary judgment may be

26  granted if the evidence of the nonmoving party is simply colorable or it is not significantly

27  probative.  *Anderson*, 477 U.S. at 249-50, 255.

28

4

**DISCUSSION**

**I.      The Income, Employment, and Unemployment Tax Assessments**

The government first argues that it is entitled to summary judgment on its claims to reduce the income, employment, and unemployment tax assessments to judgment.  As stated above, the government bears the initial burden of proof in actions to collect taxes, which may be satisfied by providing proof of tax assessments.  *Palmer*, 116 F.3d at 1312.  Here, the government has produced IRS Form 4340 Certificates of Assessments and Payments as evidence of Defendants' tax liability for the federal income tax years of 1995, 1997, 2000, and 2001, and Defendants' employment tax liability for the quarterly periods ending September 30, 2002, and December 31, 2002, as well as the annual period ending December 31, 2002.[2] (Johnson Decl. (#99-3, -4, -5), Exs. 4, 10, 17, 24, 29, 32, 35).  The relevant Form 4340 Certificates of Assessments and Payments reveal the assessments were made based on returns filed by Defendants pursuant to an examination.  Because the government has presented the required Form 4340 Certificates of Assessments and Payments, it has satisfied its initial burden.  *See Koff*, 3 F.3d at 1298 (the government may satisfy its initial burden by presenting IRS Form 4340 Certificates of Assessments and Payments); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (holding that Certificate of Assessment on Form 4340 is probative evidence in and of itself and, in the absence of contrary evidence, shows that notices and assessments were properly made).

As the government has established its prima facie case, the burden of proof shifts to the taxpayer to overcome the presumption of correctness of the assessments by countervailing proof.  *Palmer*, 116 F.3d at 1312.  To rebut the government's prima facie case, Defendants have only offered the same arguments that were rejected by this Court in Defendants' motion for summary judgment.  (*See* Order (#71) at 7-10).  Specifically, Defendants argue that the claims are time-barred because the assessments were filed late,

---

[2] It should be noted that the government is not moving for summary judgment on its claim of unpaid unemployment taxes (Form 940) from 2004.

1
2
3

the collection was time-barred, and the government cannot foreclose on the property because it has not complied with 26 U.S.C. § 6334(e)(1)(A).  (Opp'n to Mot. for Summ. J. (#102) at 9, 34, 37).

4

**A.    The Claims Are Not Time-Barred**

5
6
7
8
9
10
11
12
13
14

Defendants first argue that the claims are time-barred because the assessments were made more than three years from the date the returns were filed.  (*See* Opp'n to Mot. for Summ. J. (#102) at 7).  Pursuant to 26 U.S.C. § 6501, the IRS must assess taxes within three years after a return is filed.  26 U.S.C. § 6501(a).  When no return is filed or the return is false or fraudulent, the IRS may assess the tax at any time.  *Id.* § 6501(c)(1), (3).  Tax forms that "do not contain information upon which tax liability may be computed are not returns within the meaning of the Internal Revenue Code."  *Edwards v. Comm'r*, 680 F.2d 1268, 1269-70 (9th Cir. 1982).  If the IRS sends a notice of deficiency to the taxpayer, the statute of limitations is tolled for the 90 days allotted to the taxpayer to contest the IRS's determination and for an additional 60 days thereafter.  26 U.S.C. §§ 6212(a), 6503(a)(1).

15
16
17
18
19

Defendants have failed to rebut the presumption of correctness of the government's assessments and IRS Form 4340 Certificates of Assessments and Payments because they only make conclusory statements that the IRS's assessments and collections are time-barred. The exhibits filed by the government demonstrate that tax assessments and collections were timely.

20
21
22
23

For their third quarter 2002 employment tax (Form 941), Defendants filed their return on November 22, 2002.  (Johnson Decl. (#99-5), Ex. 29).  The IRS assessed a federal tax deposit penalty on December 23, 2002.  (*Id.*).  This assessment occurred within the three year statute of limitations period.  *See* 26 U.S.C. § 6501(a).

24
25
26
27
28

For their fourth quarter 2002 employment tax (Form 941), Defendants filed their return on February 18, 2005.  (Johnson Decl. (#99-5), Ex. 32).  They filed a portion of their tax liability in November 2002, but never paid the full amount.  (*Id.*).  The IRS assessed interest, late filing, tax deposit, and failure to pay penalties on May 30, 2005.  (*Id.*).  This assessment occurred within the three year statute of limitations period.  *See* 26 U.S.C. § 6501(a).

For their 2002 unemployment taxes (Form 940), Defendants filed their return on February 7, 2006. (Johnson Decl. (#99-5), Ex. 35). The IRS assessed late filing and federal tax deposit penalties on both March 27, 2006, and October 29, 2007. (*Id*.). These assessments occurred within the three year statute of limitations period. *See* 26 U.S.C. § 6501(a).

For their 1995 income taxes (Form 1040), Defendants filed their return on June 16, 1997. (Johnson Decl. (#99-3), Ex. 4). Defendants reported an income tax liability in the amount of $101. (*Id*.). The IRS mailed Defendants a notice of deficiency on March 24, 2000, which was within the three year statute of limitations period. (Johnson Decl. (#99-3), Ex. 6). Based on tolling, the IRS had until November 13, 2000, to make any tax assessments. *See* 26 U.S.C. §§ 6212(a), 6503(a)(1). The IRS assessed tax penalties on August 14, 2000. (Johnson Decl. (#99-3), Ex. 4). Thus, the tax assessment was timely.

For their 1997 income taxes (Form 1040), Defendants filed a "zero" income return on January 11, 1999. (Johnson Decl. (#99-3), Ex. 10). The IRS mailed Defendants a notice of deficiency on March 24, 2000, which was within the three year statute of limitations period. (Johnson Decl. (#99-3), Ex. 6). The IRS assessed penalties on September 4, 2000, December 4, 2000, and February 19, 2001. (Johnson Decl. (#99-3), Ex. 10). These assessments occurred within the three year statute of limitations period. *See* 26 U.S.C. § 6501(a).

For their 2000 income taxes (Form 1040), Defendants filed a "zero" income return on December 18, 2002. (Johnson Decl. (#99-4), Ex. 17). The IRS mailed Defendants a notice of deficiency on October 10, 2003. (Johnson Decl. (#99-4), Ex. 19). The IRS assessed penalties on March 1, 2004, and October 25, 2004. (Johnson Decl. (#99-4), Ex. 17). These assessments occurred within the three year statute of limitations period. *See* 26 U.S.C. § 6501(a).

For their 2001 income taxes (Form 1040), Defendants filed a "zero" income tax return on December 18, 2002. (Johnson Decl. (#99-5), Ex. 24). The IRS mailed Defendants a notice of deficiency on October 10, 2003. (Johnson Decl. (#99-5), Ex. 26). The IRS assessed

penalties on March 1, 2004, and October 25, 2004. (Johnson Decl. (#99-5), Ex. 24). These assessments occurred within the three year statute of limitations period. *See* 26 U.S.C. § 6501(a).

As all of the assessment were made within the time allotted by statute, the assessments were timely and Defendants cannot defeat the government's motion for summary judgment on this ground.

**B.     The Collection Is Not Time-Barred**

Defendants' argument that the collection was time-barred similarly lacks merit. After the IRS makes a tax assessment, the tax may be collected by a court proceeding only if the court proceeding begins within ten years after the tax assessment. 26 U.S.C. § 6502(a)(1). As shown above, all of the IRS's tax assessments were made within the relevant statute of limitations period. The earliest tax assessment was made on August 14, 2000. (*See* Johnson Decl. (#99-3), Ex. 4). Thus, the IRS had until August 14, 2010, to commence a proceeding to collect these taxes. *See* 26 U.S.C. § 6502(a)(1). The IRS commenced this action on August 9, 2010. (*See* Compl. (#1)). Accordingly, the IRS has timely commenced a proceeding for collection.

**C.     The Government Has Complied with 26 U.S.C. § 6334(e)(1)(A)**

Finally, Defendants attempt to rebut the government's evidence by arguing that the government has failed to comply with 26 U.S.C. § 6334(e)(1)(A). Under 26 U.S.C. § 6334 the principal residence of a taxpayer is exempt from levy to the extent provided by § 6334(e). 26 U.S.C. § 6334(a)(13)(B)(i). Under § 6334(e), the IRS may levy a principal residence "if a judge or magistrate of a district court of the United States approves (in writing) the levy of such residence." *Id.* § 6334(e)(1)(A). The government is currently seeking approval from this Court to foreclose on Defendants' principal residence through this proceeding, and consequently Defendants' argument that the government has not complied with this section is unavailing.[3]

_____

[3] Whether the government will ultimately be allowed to foreclose on the Subject Property is a different question and will be addressed later in this Order.

1
2
3
4
5
6
7
8
9
10

As Defendants have failed to produce sufficient evidence that would rebut the government's prima facie case, the government's motion for summary judgment (#99) is granted with respect to its claims to reduce the income tax assessments to judgment against Defendants, and to reduce the employment and unemployment tax assessments to judgment against Keith Maris (doing business as Keith L. Maris Painting and Wallpaper). *See Laszloffy v. Comm'r*, 297 Fed.Appx. 628, 629 (9th Cir. 2008) (affirming the tax court's grant of summary judgment where Form 4340 was presented as evidence and no contrary evidence was presented by the defendants); *United States v. Collins*, 254 Fed. Appx. 653, 653 (9th Cir. 2007) (affirming the district court's grant of summary judgment because the IRS submitted Form 4340 and the information on the form was not rebutted by the defendants).

11

## II.   The Government Has Valid Liens

12
13
14
15
16
17
18
19

The government also seeks an order that it has valid liens against Defendants in the amount of $565,658.58 plus interest accruing after October 17, 2011, and against Keith Maris (doing business as Keith L. Maris Painting and Wallpaper) in the amount of $54,541.76 plus interest accruing after October 17, 2011. (Mot. for Summ. J. (#99) at 19-20). The government obtains a lien "upon all property and rights to property, whether real or personal, belonging to" any taxpayer who neglects or refuses to pay taxes after notice and demand. 26 U.S.C. § 6321. This lien arises as of the date of assessment and continues until the tax liability is extinguished. 26 U.S.C. § 6322.

20
21
22
23
24
25
26

As shown above, numerous tax assessments have been made against Defendants and they have neglected to pay them after notice and demand. (Johnson Decl. (#99-3, -4, -5), Exs. 4, 10, 17, 24, 29, 32, 35). Statutory liens thus arose as of the date of the assessment and attached to all of Defendants' property. *See* 26 U.S.C. § 6321. The Court therefore finds that the government has liens upon all Defendants' property as of the date the liability was assessed and that those liens will remain in full force until Defendants' outstanding tax liabilities have been satisfied. *See* 26 U.S.C. § 6322.

27
28

III.     **The Government's Request for Foreclosure Is Denied Because It Is Not Clear That No Reasonable Alternatives To Satisfy the Debt Exist**

The government next seeks a court order foreclosing on Defendants' interest in the Subject Property in satisfaction of the federal tax liens against Defendants and an order that the Subject Property be sold.  (Mot. for Summ. J. (#99) at 3).  Once it is established that the government has liens upon the taxpayer's property and the parties that have an interest in the property have been notified of the action, the Court "may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."  26 U.S.C. § 7403(b), (c).

The government here is seeking foreclosure of the Subject Property, which is Defendants' principal residence.  As stated above, the principal residence of a taxpayer is exempt from levy to the extent provided by 26 U.S.C. § 6334(e).   26 U.S.C. § 6334(a)(13)(B)(i).  Under § 6334(e), the IRS may levy a principal residence "if a judge or magistrate of a district court of the United States approves (in writing) the levy of such residence."  *Id.* § 6334(e)(1)(A).  Treasury Regulations issued under this statute impose upon the government the burden of showing that (1) the underlying tax liability has not been satisfied, (2) the requirements of any applicable law and administrative procedure relevant to the levy have been met, and (3) no reasonable alternative exists for collection of a taxpayer's debt.  26 C.F.R. § 301.6334-1(d)(1).  In the absence of a timely objection raising a genuine issue of material fact on one or more of these questions, the unrebutted petition is generally sufficient to justify entry of an order approving the levy.  *Id.* § 301.6334-1(d)(2).

As shown above, the government has demonstrated that Defendants have underlying tax liability that has not been satisfied.  The government has also followed the procedure required to foreclose on the residence.  The government notified all parties with an interest in the Subject Property of the action pursuant to 26 U.S.C. § 7403(b),[4] and has also sought an

---

[4] Defendant University Medical Center disclaimed any interest in the Subject Property and Defendant Interstate entered into a stipulation delineating its interest in the Subject

order from this Court to have the Subject Property sold, pursuant to 26 U.S.C. § 6334(e)(1)(A) and 26 C.F.R. § 301.6334-1(d).  However, the government has failed to show that there is no reasonable alternative for collecting the debt.  The government must establish that no alternative method of collecting the tax owed is available before this Court may permit foreclosure of the Subject Property.  Yet the government has presented no evidence that it is necessary to foreclose on Defendants' primary residence to collect the debt or that there are no other assets that could be used to satisfy Defendants' tax liability.  As the government has failed to make such a showing, the government's request to have the Subject Property foreclosed is denied.

## IV.    Motion for Default Judgment

Finally, the government has moved for the entry of default judgment against Defendant Allstate for failing to plead or otherwise defend its interest in the Subject Property.  (Mot. for Default J. (#101)).  Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Following the clerk's entry of default against the defendant under Rule 55(a), a court may enter default judgment against the defendant upon motion by the plaintiff.  *See* FED. R. CIV. P. 55(b); *Playboy Enters. Int'l, Inc. v. Muller*, 314 F.Supp.2d 1037, 1038-39 (D. Nev. 2004).  As the clerk has entered default against defendants, (Entry of Default (#80)), the government's present motion for entry of default judgment is proper.  FED. R. CIV. P. 55(b)(2).

The court looks at the following factors to determine if entering default judgment is appropriate: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable

---

Property, which was approved by this Court on February 4, 2011.  (Answer (#5); Order (#71) at 7).  Defendant Allstate has failed to appear and a notice of default was entered against it on February 11, 2011.  (Entry of Default (#80)).

1  neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring

2  decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

3       In this matter, the *Eitel* factors support the entry of a default judgment.  First, the

4  government is likely to be prejudiced in the absence of a default judgment because it may

5  potentially impede any future sale of the Subject Property as Allstate may have a lien upon it.[5]

6  Second and third, the government has sufficiently alleged and substantiated its request for

7  default judgment as it made Allstate a party to this action to allow it to assert an interest in the

8  Subject Property and it has failed to do so.  Fourth, the government is not seeking monetary

9  damages against Allstate, which weighs in favor of granting default judgment.  *See Pepsico,*

10 *Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1176-77 (C.D. Cal. 2002).  Fifth, no disputes as

11 to any material facts exist in this matter.  Sixth, it is unlikely there is excusable neglect in this

12 matter as Allstate was served a copy of the complaint on August 18, 2010, had a default

13 entered against it by the clerk on February 11, 2011, and was given notice of this motion for

14 default judgment.  (*See* Summons (#22); Entry of Default (#80)).  Finally, although there is

15 generally a policy favoring decisions on the merits, where, as here, the party has completely

16 failed to respond to numerous notices of the pending action, making a decision on the merits

17 impractical if not impossible, a default judgment may be warranted.  *See PepsiCo*, 238

18 F.Supp.2d at 1177.  As the *Eitel* factors weigh in favor of the entering of default judgment

19 against Allstate, the government's motion for default judgment (#101) is granted and Allstate

20 is adjudicated to have no interest in the Subject Property.

                                      **CONCLUSION**

22      For the reasons stated above, IT IS ORDERED that the government's motion for

23 summary judgment (#99) is granted in part and denied in part.  Judgment will be entered

24 against Defendants Keith and Donna Maris in the amount of $565,658.58 plus interest

26      [5] Although the government has presently not made a sufficient showing to merit an

27 order to foreclose the Subject Property, given the high amount of the tax liability, it is likely that

28 the government will be able to present evidence to satisfy its burden.

accruing after October 17, 2011 for unpaid income tax, penalties, and interest, and judgment will be entered against Keith Maris (doing business as Keith L. Maris Painting and Wallpaper) in the amount of $54,541.76 plus interest accruing after October 17, 2011 for unpaid employment and unemployment taxes, penalties, and interest.

IT IS FURTHER ORDERED that the government has valid liens in the amount of $565,658.58 plus interest accruing after October 17, 2011 on all of the property of Defendants Keith and Donna Maris, and that the government has valid liens on all property of Keith Maris in the amount of $54,541.76 plus interest accruing after October 17, 2011.

IT IS FURTHER ORDERED that the government's request for an order permitting foreclosure and sale of the Subject Property is denied until the government presents sufficient evidence that no reasonable alternative for satisfying the debt is available.

IT IS FURTHER ORDERED that the government's motion for default judgment (#101) is granted.

DATED: This _____2nd_____ day of February, 2012.

_____
United States District Judge

13