```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
              COUNSEL/PARTIES OF RECORD

          MAY 1 1 2012

     CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,              )
                                        )
        Plaintiff,                    )
                                        )
        v.                            )            2:10-cv-1337-RCJ-RJJ
                                        )
                                        )            **ORDER**
KEITH L. MARIS, et al.,                 )
                                        )
        Defendants.                   )
_____ )

Currently before the Court are motions to stay the enforcement of this Court's judgment pending appeal (#111) and to vacate an order of judgment of this Court (#112). For the following reasons, both motions are denied.

## BACKGROUND

On February 2, 2012 this Court issued an order (the "Order") granting in part the United States government's motion for summary judgment against Defendants Keith and Donna Maris (collectively "Defendants") for unpaid taxes. (Order (#107)). The Court found that the government had satisfied its initial burden in support of its motion for summary judgment by presenting Form 4340 Certificates of Assessments and Payments along with other evidence and that Defendants' arguments that the claims and collections were time-barred were insufficient to rebut this evidence and show the assessments were incorrect. (*Id.* at 5-8). Because Defendants failed to satisfy their burden in opposition to the motion for summary judgment, the Court ordered judgment to be entered against Keith and Donna Maris in the amount of $565,658.58 plus interest and against Keith Maris d/b/a Keith L. Maris Painting and Wallpaper in the amount of $54,541.76 plus interest. (*Id.* at 12-13). The Court further ordered

1   that the government has valid liens in the amount of $565,658.58 plus interest on all property

2   of Defendants Keith and Donna Maris and valid liens on all property of Keith Maris in the

3   amount of $54,541.76 plus interest. (*Id.* at 13). The Court however denied the government's

4   request for an order permitting foreclosure and sale of Defendants' home until evidence was

5   presented showing no reasonable alternative for satisfying the debt is available. (*Id.*).

6          On February 29, 2012, Defendants filed two motions in this Court: a motion to stay or

7   set aside enforcement of the Order pending appeal (#111) and a motion to vacate[1] the Order

8   (#112). A hearing was held on these motions on April 19, 2012, at which Defendants failed

9   to appear.

10                            **DISCUSSION**

11   **I.    Motion to Stay**

12          Pursuant to Fed R. Civ. P. 62(d), "[i]f an appeal is taken, the appellant may obtain a

13   stay by supersedeas bond." A district court's authority to issue a stay is generally conditioned

14   upon approval of a bond. *Vacation Village, Inc. v. Clark Cnty.*, 497 F.3d 902, 913-14 (9th Cir.

15   2007) ("Federal Rule of Civil Procedure 62(d) . . . requires only that the appellant post a

16   supersedeas bond in order to obtain a stay on appeal."). "The bond should ordinarily include

17   the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and

18   damages for delay." *Bemo USA Corp. v. Jake's Crane, Rigging & Transp. Int'l, Inc.*, 2010 WL

19   4604496, at *1 (D. Nev. 2010) (citing *Poplar Grove Planting & Refining Co. v. Bache Halsey*

20   *Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). The Ninth Circuit however has held that the

21   district court has discretion to allow other forms of judgment guarantee in place of a bond. *Int'l*

22   *Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) (citing *Poplar*

23

24        [1] The motion is actually requesting that the government be required to show cause as
25   to why Defendants' attached motion to vacate should not be granted. (Mot. to Vacate (#112)
26   at 1). The government however has responded by showing cause as to why the motion
27   should not be granted, and thus the only issue regarding this motion is whether the Order
28   should be vacated.

1  *Grove*, 600 F.2d at 1191). "If a court chooses to depart from the usual requirement of a full

2  security supersedeas bond to suspend the operation of an unconditional money judgment, it

3  should place the burden on the moving party to objectively demonstrate the reasons for such

4  a departure." *Poplar Grove*, 600 F.2d at 1191.

5       Defendants here have not offered a bond to secure their obligation to pay the judgment.

6  Defendants have also failed to present any argument that would justify the Court's departure

7  from the usual supersedeas bond requirement.  Although the government has valid liens on

8  Defendants' property securing the debt, Defendants have not shown that these liens are

9  sufficient to guarantee the large money judgment awarded to the government pending appeal.

10  Until Defendants offer an adequate bond guaranteeing the money judgment or offer to post

11  some other form of security, they are not entitled to a stay from the money judgment.

12       Although not asserted by Defendants, they are also not entitled to a stay from the liens

13  ordered upon their property under Fed. R. Civ. P. 62(f). Rule 62(f) provides that "if a judgment

14  is a lien on the judgment debtor's property under the law of the state where the court is

15  located, the judgment debtor is entitled to the same stay of execution the state court would

16  give." The purpose of this rule is to give the judgment debtor "the same stay as would be

17  granted had the action been maintained in the courts of that state rather than in the district

18  court of the United States." C. WRIGHT, A. MILLER, M. KANE, FEDERAL PRACTICE AND PROCEDURE

19  § 2907, p. 527 (2d ed. 1995).  Nevada law does not entitle Defendants to a stay from the lien

20  under these circumstances. Because Defendants have failed to show that they are willing and

21  able to post a sufficient bond pending appeal pursuant to Fed. R. Civ. P. 62(d), Defendants'

22  motion to stay the execution of the judgment is denied.

23  **II.**    **Motion to Vacate**

24       A motion to reconsider and vacate a prior order must set forth "some valid reason why

25  the court should reconsider its prior decision" and set "forth facts or law of a strongly

26  convincing nature to persuade the court to reverse its prior decision." *Frasure v. United*

27  *States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court

28  "(1) is presented with newly discovered evidence, (2) committed clear error or the initial

1  decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch.*

2  *Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration

3  is not an avenue to re-litigate the same issues and arguments upon which the court already

4  has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

5          Defendants argue that the Court should reconsider and vacate its earlier order because

6  they filed with the Court a demand for jury trial. (Mot. to Vacate (#112) at 2; Demand for Trial

7  by Jury (#59)).   The contention that the Court's grant of summary judgment violated

8  Defendants' right to a trial by jury as guaranteed by the Seventh Amendment to the United

9  States Constitution however lacks merit. "As the Supreme Court held, over one hundred years

10 ago, a summary judgment proceeding does not deprive the losing party of its Seventh

11 Amendment right to a jury trial." *In re Slatkin*, 525 F.3d 805, 811 (9th Cir. 2008) (citing *Fid. &*

12 *Deposit Co. of Md. v. United States*, 187 U.S. 315, 319-21 (1902)).

13         Defendants also argue that relief from the judgment is warranted because the tax

14 assessments were not proven, Form 4340 Certificates of Assessments and Payments were

15 not produced, the claims and collections were timed-barred, and the government failed to

16 support its motion for summary judgment by expert testimony. (Mot. to Stay (#111) at 5, 24-

17 25). The tax assessments were however proven by Form 4340 Certificates of Assessments

18 and Payments along with other relevant evidence. (*See* Exs. (#99)). The Court has already

19 rejected the argument that the claims were time-barred for reasons stated in the Order. (Order

20 (#107) at 6-8).  Finally, expert testimony is not required for the Court to grant a motion for

21 summary judgment. *See* FED. R. CIV. P. 56. The Court therefore denies Defendants' motion

22 to vacate.

23                                  **CONCLUSION**

24         For the foregoing reasons, IT IS ORDERED that Defendants' motion to stay (#111) is

25 DENIED.

26         IT IS FURTHER ORDERED that Defendants' motion to vacate (#112) is DENIED.

27         DATED this 11th day of May, 2012.

28

                                    4        United States District Judge