# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| v. ) | 2:10-cv-1337-RCJ-RJJ |
| ) | **ORDER** |
| KEITH L. MARIS, et al., ) | |
|     Defendants. ) | |

Recently the Court denied Plaintiff's Motion to Amend/Correct Order (ECF No. 107) entered in the Docket February 2, 2012. The Court denied the motion and now reconsiders an earlier Order (ECF No. 107) which granted in part Plaintiff's Motion for Summary Judgment (ECF No. 99) against Defendants Keith and Donna Maris. The Order entered a judgment of valid liens on their primary residence in the amount of $565,658.58 and $54,541.76. The Court has, *sua sponte*, further reviewed and analyzed Order (ECF No. 107). For the reasons stated herein, the Court subsequently reverses Order (ECF No. 107) and denies Plaintiff's Motion for Summary Judgment (ECF No. 99).

## BACKGROUND

On February 2, 2012 this Court issued an order ("Order #1") granting in part the United States government's motion for summary judgment against *pro se* Defendants Keith and Donna Maris (collectively "Defendants") for unpaid taxes. (Order, ECF No. 107). The Court found the Defendants failed to satisfy their burden in opposition to the motion for summary judgment and subsequently ordered judgment to be entered against Keith and Donna Maris in the amount of $565,658.58 plus interest and against Keith Maris d/b/a Keith L. Maris

Painting and Wallpaper in the amount of $54,541.76 plus interest. (*Id.* at 12-13). The Court further ordered that the government has valid liens in the amount of $565,658.58 plus interest on all property of Defendants Keith and Donna Maris and valid liens on all property of Keith Maris in the amount of $54,541.76 plus interest. (*Id.* at 13). The Court however denied the government's request for an order permitting foreclosure and sale of Defendants' primary residence (the "Subject Property") located at 7089 Mountain Moss Drive, Las Vegas, Nevada, until evidence was presented showing no reasonable alternative for satisfying the debt was available. (*Id.*). On January 14, 2013, Plaintiff motioned the Court to amend or correct the Order #1 arguing the Court inadvertently applied a legal test that only applies to administrative levy procedures and that summary judgment should be granted in full. (Mot. Amend/Correct Order, ECF No. 138). Upon reconsideration, the Court held it had correctly applied the legal test relevant to the applicable statute. (Order, ECF No. 144). The Court, *sua sponte*, now further reviews the pleadings and considers whether it erred in granting partial summary judgment in Order #1.

**LEGAL STANDARD**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp.2d 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the *initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J v. Acands, Inc.*, 5F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

**A. Relief from a Judgment or Order**

Federal Rules of Civil Procedure Rule 60(a) stipulates "the court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own accord."

2

**B. Provisional and final Remedies**

Federal Rules of Civil Procedure Rule 64 governs regarding the seizing of property. Rule 64(a) states at the commencement of and throughout an action, every remedy is available that is provided for under state law.  Fed. R. Civ. P. 64(a).  Rule 69 governs for executions of money judgments and provides that a judgment creditor may pursue execution of a judgment in accordance with any procedures of state law in which the district court is located. Fed. R. Civ. P. 69(a)(1).

**C. Pro Se Litigants**

A document filed *pro se* "is to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 104, 106 (1976).

**DISCUSSION**

In Plaintiff's Motion for Summary Judgment (ECF No. 99), the government argued that it was entitled to summary judgment on its claims to reduce the income, employment, and unemployment tax assessments to judgment.  It produced IRS form 4340 Certificates of Assessments and Payments as evidence of Defendants' tax liability for the federal income tax years of 1995, 1997, 2000, and 2001, and Defendants' employment tax liability for the quarterly periods ending September 30, 2002, and December 31, 2002, as well as the annual period ending December 31, 2002.  The relevant Form 4340 Certificate of Assessments and Payments reveal the assessments were made based on returns filed by Defendants pursuant to an examination(s).

Defendants argued that the collection on these periods were time barred due to the running of statutes of limitations.  The relevant law require the IRS to assess the tax returns within 3 years from the time of the original filing, and to commence litigation to collect or enter liens on property within 10 years from the time of the assessment.  The Court originally found, based on Plaintiff's exhibits of the applicable dates of Defendants' filings and the IRS's assessments, that the statutes had not run on any of the returns subject to this suit.  The burden shifted to the Defendants to show there existed genuine issues of material fact regarding the amounts of the assessments and the timing of the assessments.  The Court

3

1  subsequently found the Defendants did not meet their burden and granted partial summary
2  judgment in favor of Plaintiff and entered judgment and liens for the full amounts the
3  government sought. However, the Court denied summary judgment regarding granting judicial
4  foreclosure on Defendants' primary residence to further satisfy the money judgment until the
5  Plaintiff could show it had exhausted all other assets in collecting the judgment.  The Court
6  now finds there is evidence which places the judgment amount and the issue of whether some
7  of the collections are, in fact, time barred.

8       First, on September 2, 2011, a hearing was held in the chambers of Magistrate Judge
9  Robert Johnston regarding a motion by Plaintiff to extend the time to file a dispositive motion.
10 Defendant Keith Maris was present and Plaintiff's counsel Kaycee Sullivan was present.
11 During this hearing Defendant Maris explained to Judge Johnston that they had hired certified
12 tax accountants to amend and file the returns subject to this action.  Yet, Defendant Maris
13 explained to the Judge that though it had been the better part of a year since the returns were
14 filed, they had not yet received notice whether the IRS had processed them. Maris further
15 explained that the amended returns significantly reduced the amount of tax liability compared
16 to what the IRS had assessed.  Maris explained that they were currently in negotiation with the
17 IRS and that upon the acceptance of the amended returns Defendants would be able to cover
18 the liability by selling their Utah cabin.  However, Defendants also told Judge Johnston that
19 the IRS had rejected some of the business returns due to the fact that Defendant Donna Maris
20 was not present on the return as a co-filer.  Maris claims to have explained to the IRS that his
21 wife, Donna, was not involved in the business and was not required to be on the return. Yet,
22 the IRS apparently provided no reasons why she was required to be a co-filer.  Subsequently,
23 Defendants did not know what the status was of their good faith effort to file amended returns
24 in attempt to settle this matter.  Judge Johnston then directed his comments to Plaintiff's
25 counsel and inquired why the IRS had not processed the accepted returns and why they had
26 not accepted the business returns.  Counsel did not have an answer except that these issues
27 were, in part, why they needed more time for discovery.  Judge Johnston then ordered an
28 extension until October 14, 2011.  Defendants argue this line of query by Judge Johnston and

4

the subsequent extension was the equivalent of an order by the Court to have the IRS process Defendants' accepted returns and accept the rejected business returns by October 14, 2011. The Court agrees with this contention. Since the entirety of the hearing consisted of the subject of the negotiations and the amended returns, the extension arguably was granted in order for the IRS to process the returns so that the settlement negotiations could conclude or new facts could be evidenced for summary judgment. On October 14, 2011, Plaintiff filed its Motion for Summary Judgment (ECF No. 99). The issue remains whether Plaintiff processed Defendants' amended returns as it was arguably compelled to do so by the Court. Defendants contend it never happened. Plaintiff produced no evidence to the contrary in its motion for summary judgment.

Second, Defendants exhibited evidence in their opposition to Plaintiff's motion for summary judgment showing assessments of certain subject tax returns wherein the IRS amended the returns and issued tax credits (*See* Ds' Opp. to Mot. S.J., ECF No. 102, exhibits 1-7). It appears these amended assessments were all prior to the later assessments resulting in tax liabilities–the same later assessments from which Plaintiff relied upon for its dates to justify they were all within the 3 or ten year periods. The issue becomes if the limit to file an action for collection or lien is 10 years from the first assessment, there may be returns where the statute of limitation had, in fact, run.

The Court finds that in light of this newly discovered evidence which the Court had previously overlooked, it committed clear error in its initial decision. *See Sch. Dist. No. 1J*, F3d at 1263. Because there exist genuine issues of material fact regarding both the amount of tax Defendants legally owe, and the timeliness of the IRS levies in relation to the first assessments, the Court reverses its prior Order (ECF No. 107), and now denies Plaintiff's Motion for Summary Judgment (ECF No. 99).

///

///

///

///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that this Court's Order (ECF No. 107) is reversed and Plaintiff's Motion for Summary Judgment (ECF No. 99) is Denied.

DATED: This 24th day of June, 2013.

_____
United States District Judge