# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) 2:10-cv-01337-RCJ-NJK |
| KEITH L. MARIS et al., | ) **ORDER** |
| Defendants. | ) |

In August 2010, the United States sued Defendants Keith L. Maris, Donna L. Maris, Interstate Bank, SSB ("Interstate"), University Medical Center ("UMC"), and Allstate Financial Systems, Inc. ("Allstate") in this Court to obtain a judgment as to outstanding income, employment, and unemployment tax assessments against the Marises totaling nearly $600,000 and to foreclose related tax liens, and to adjudicate lien priorities as against the other Defendants. UMC answered. Interstate answered, pled a counterclaim for declaratory relief as to lien priorities, and pled a similar crossclaim against Allstate. The United States answered Interstate's counterclaim. In February 2011, the Court, *inter alia*, denied four motions to dismiss and two motions for summary judgment, rejecting the Marises' arguments that the Court had no jurisdiction over the subject matter, that no statute made them liable for the taxes at issue, that the statutes of limitations had run, and that the United States had not complied with a relevant tax foreclosure provision of the Internal Revenue Code. The Clerk entered default against Allstate upon the United States' motion. In February 2012, the Court granted the United States' motion for default judgment against Allstate and granted in part the United States' motion for summary

judgment against the Marises as to both the amounts owed and the liens arising therefrom, ruling that the United States had satisfied its initial burden on summary judgment and that the Marises had only responded with already rejected arguments concerning the statutes of limitations and the statutory tax foreclosure provisions. The Court, however, refused to approve foreclosure of the Marises' principal residence under the statutes because the United States had not shown there was no reasonable alternative method of collection. The Clerk entered judgment, accordingly, and the Marises appealed. The Marises asked the Court to stay or set aside its previous order pending appeal, and in May 2012, the Court denied the motion after the Marises failed to appear for oral argument. The Court of Appeals dismissed the appeal in November 2012 because the appealed orders were not final. In June 2013, the Court denied the United States' motion to amend the February 2012 order to permit foreclosure upon the Marises' primary residence. In July and November 2013, the Marises filed more motions to dismiss, which the Court denied.

The United States has now filed two Motions in Limine (ECF Nos. 197, 198). The Court denies those motions because they are procedurally improper.

The first motion does not ask the Court to exclude any particular evidence for inadmissibility but to rule as to the burden-shifting scheme to be applied at trial. Issues concerning the parties' respective burdens at trial are matters best addressed via proposed jury instructions and arguments related thereto, not via motions in limine.

The second motion likewise does not ask the Court to exclude any particular evidence for inadmissibility but asks the Court to rule that Defendants may not assert the statute of limitations as an affirmative defense at trial. The Court will not so rule. The Court denied Defendants' defensive summary judgment motion as to the statute of limitations, but the United States filed no corresponding offensive motion. The United States may file a motion for judgment as a matter of law at the close of Defendants' evidence if it wishes, but the present motion in limine amounts to an offensive summary judgment motion filed almost three years after the deadline for

1  such motions under the Scheduling Order.

2  **CONCLUSION**

3  IT IS HEREBY ORDERED that the Motions in Limine (ECF Nos. 197, 198) are

4  DENIED.

5  IT IS SO ORDERED.

6  Dated this 17th day of April, 2014.

_____
ROBERT C. JONES
United States District Judge