**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br>     vs.<br>KIETH L. MARIS, *et al.*,<br>          Defendant. | 2:10-cv-01337-RCJ-NJK<br><br>**ORDER** |

This case arises from Defendants Keith L. Maris and Donna L. Maris' alleged failure to properly report and fully pay federal income taxes and Defendant Keith L. Maris Painting and Wallpaper's alleged failure to fully satisfy unemployment tax liabilities. Pending before the Court is the Government's Renewed Motion for Summary Judgment. (ECF No. 220). The Marises filed an opposition (ECF Nos. 224, 227) and the Government replied (ECF No. 228).

**I.      FACTS AND PROCEDURAL HISTORY**

On August 9, 2010, the Government filed a complaint to reduce assessments to judgment and to foreclose federal tax liens on real property against Keith L. Maris; Donna L. Maris; Interstate Bank, SSB ("Interstate"); University Medical Center; and Allstate Financial Services, Inc. ("Allstate"). (Compl. ¶ 1, ECF No. 1). The Government brought the civil action to (a) reduce the Marises' outstanding federal individual income tax assessments to judgment; (b) reduce to judgment Keith L. Maris's outstanding federal employment and unemployment tax

1

assessments made against him under his business as Keith L. Maris Painting and Wallpaper; and (c) to foreclose related federal tax liens on real property located at 7089 Mountain Moss Drive, Las Vegas, Nevada, 89147 ("the Subject Property"). (*Id.* ¶¶ 1, 9). The Government listed Interstate, University Medical Center, and Allstate as parties in the suit, pursuant to 26 U.S.C. § 7403(b), because at the time they might have claimed an interest in the Subject Property that the Government sought to foreclose.

In the first claim for relief, the Government asserts that the Marises owe a total of $539,568.30 in unpaid federal income taxes (Form 1040), penalties, interest, and other statutory additions for the 1995, 1997, 2000, and 2001 tax periods. (*Id.* ¶ 11). Since the time of initially filing this suit, the Government avers that the total amount owed by the Marises has increased to $565,658.58 due to additionally accrued interest and penalties. (*See* Pl.'s Renewed Mot. Summ. J. 12, ECF No. 220). In the second claim for relief, the Government asserts that Keith L. Maris, doing business as Keith L. Maris Painting and Wallpaper, owes a total of $52,427.72 in unpaid federal employment and unemployment taxes (Forms 941 and 940), penalties, interest, and other statutory additions for 2002 and 2004. (Compl. ¶ 15). Since the time of initially filing this suit, the Government claims that the total amount owed by Keith L. Maris's business has increased to $54,541.76 due to additionally accrued interest and penalties. (*See* Pl.'s Renewed Mot. Summ. J. 13). In the third claim for relief, the Government asserts that a duly authorized delegate of the Secretary of Treasury recorded five different notices of federal tax liens against the Marises regarding their tax assessments. (Compl. ¶¶ 19–24).

The Marises, who are proceeding *pro se*, filed a motion for summary judgment on December 8, 2010, claiming that the Government could not succeed on its claims because the assessments were time-barred, the collection was time-barred, and the Government could not

1  foreclose on the Subject Property because it had not complied with 26 U.S.C. § 6334(e)(1)(A).
2  (Mot. for Summ. J. 7, 12–13, ECF No. 36).  This Court denied the Marises' motion for summary
3  judgment by order dated February 4, 2011, finding that the Government had filed the
4  assessments within the relevant statute of limitations period, the IRS had timely commenced a
5  proceeding for collection, and the Government had complied with 26 U.S.C. § 6334(e)(1)(A).
6  (Feb. 4, 2011 Order 10, ECF No. 71).

7  The Government then filed a motion for summary judgment on October 14, 2011,
8  seeking (1) an entry of judgment against the Marises in the amount of $565,658.58 plus interest
9  accruing after October 17, 2011 for unpaid income tax, penalties, and interest; (2) an entry of
10 judgment against Keith L. Maris in the amount of $54,541.76 plus interest accruing after October
11 17, 2011 for unpaid employment and unemployment taxes, penalties, and interest; (3) a court
12 order that the Government held a valid lien against the Marises in the amount of $565,658.58
13 plus interest accruing after October 17, 2011; (4) a court order that the Government held a valid
14 lien against Keith L. Maris (doing business as Keith L. Maris Painting and Wallpaper) in the
15 amount of $54,541.76 plus interest accruing after October 17, 2011; and (5) a court order that the
16 tax liens against the Marises' interest in the Subject Property be foreclosed and the Subject
17 Property be sold. (Pl.'s Mot. Summ. J. 2–3, ECF No. 99).  In opposition, the Marises again raised
18 the argument that the Government's assessments and collections were time-barred and that it
19 failed to comply with 26 U.S.C. § 6334(e)(1)(A). (Defs.' Prior Opp'n 9, 34, 37, ECF No. 102).

20 The Court initially granted the Government's October 14, 2011 motion, stating that the
21 Marises failed to demonstrate a genuine dispute of material fact as to the accuracy of the
22 assessments and whether the assessments and the collection proceedings were time-barred.  (Feb.
23 2, 2012 Order 5–9, ECF No. 107).  Subsequently, the Court, acting *sua sponte*, further reviewed
24

3

its February 2, 2012 order and, finding that it "had previously overlooked" some "newly discovered evidence," issued an order reversing its prior decision to grant the Government's motion for summary judgment. (June 24, 2013 Order 5, ECF No. 145). The Court explained that there were two reasons it reversed the previous order. First, in a hearing before Magistrate Judge Robert Johnston, the parties acknowledged that Keith Maris had filed substitute tax returns for the 2000 and 2001 tax years that were prepared by a Certified Public Accountant ("CPA"), and which the parties believed might have reduced the amount of the Marises' tax liability for those years. (*Id.* at 4). The Court stated that the issued remained as to whether the IRS actually processed the Marises' amended returns "as it was arguably compelled to do so by the Court." (*Id.*). Second, the Court found that the Marises exhibited evidence in their opposition to the Government's motion for summary judgment that raised issues of fact regarding whether the Government's assessments occurred within the statutorily mandated period and whether the statute of limitations had run on filing an action for collection. (*Id.*). Finding genuine issues of material fact as to both the amount of taxes owed by the Marises and the timeliness of the IRS levies, the Court, on review, denied the Government's motion for summary judgment.

On October 9, 2014, the Court held a status conference with the parties in this case. At that hearing, the Court granted the Marises a continuance on the date for jury trial based on medical reasons. (ECF No. 217). The Court also gave permission for the Government to file a renewed motion for summary judgment within fifteen days on the issue of the Marises' tax liability. (*Id.*). The Court and the parties agreed that since the Subject Property was foreclosed by the bank prior to the October 9th hearing, the claims relating thereto were rendered moot and would not be addressed. The Government filed its renewed motion on October 24, 2014. In its motion, the Government requests that the Court reduce to judgment the tax liabilities against the

Marises in the amount of $565,658.58, plus interest and penalties accruing after October 17, 2011, and against Keith Maris (doing business as Keith L. Maris Painting and Wallpaper) in the amount of $54, 541.76, plus interest and penalties accruing after October 17, 2011.

## II.   LEGAL STANDARD

A principal purpose of the summary judgment rule is to "isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). A court grants summary judgment only if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the court "must draw all reasonable inferences supported by the evidence in favor of the non-moving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Rather, only genuine issues of *material* facts are relevant to the summary judgment analysis. A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* at 248. "The moving party bears the initial burden of establishing the absence of a genuine issue of material fact." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The burden is met by demonstrating to the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. This is done by citing to depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1)(A). Once the initial burden is met, however, "Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts which show a genuine issue for trial." *Fairbank*, 212 F.3d at 531.

Moreover, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. Conversely, where reasonable minds could differ on the facts proffered in support of a claim, summary judgment should not be granted. *Petzak v. Nevada ex rel. Dep't of Corr.*, 579 F. Supp. 2d 1330, 1333 (D. Nev. 2008). "Summary judgment is inappropriate if reasonable jurors . . . could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

**III.    DISCUSSION**

The Secretary of the Treasury is authorized to make "inquiries, determinations, and assessments of all taxes." 26 U.S.C. § 6201. If the Secretary determines that there is a deficiency in respect to any tax imposed by statute, he is authorized to send a notice of that deficiency to the taxpayer. 26 U.S.C. § 6212. Likewise, there can be no assessment of a tax deficiency or the commencement of court proceedings to collect a deficiency until "notice has been mailed to the taxpayer." 26 U.S.C. § 6213. Any amount of tax imposed by statute must be assessed within three years after the return was filed. 26 U.S.C. § 6501(a). Moreover, when an assessment of tax has been made, any court action to collect the deficiency must begin within ten years after the assessment of the tax. 26 U.S.C. § 6502(a)(1). However, the running of the period of limitations either to make an assessment or to begin court proceedings is suspended for ninety days plus an additional sixty days thereafter once a mailing of a notice of deficiency is made. 26 U.S.C. §§ 6501(a); 26 U.S.C. § 6213.

1       Further, when presented with a motion for summary judgment in an action to collect

2  taxes, the court applies a burden-shifting analysis. *Palmer v. Internal Revenue Serv.*, 116 F.3d

3  1309, 1312 (9th Cir. 1997).  The Government bears the initial burden of proof and may satisfy its

4  burden by introducing proof of the tax assessments, which are entitled to a presumption of

5  correctness so long as they are supported by a minimal factual foundation. *Id.*  The presumption

6  shifts the burden of proof to the taxpayer to then show that the determination is incorrect. *Id.*

7  "Official certificates, such as Form 4340, can constitute proof of the fact that the assessments

8  actually were made." *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992).  Indeed, "[t]he

9  law is that such assessment is presumptively correct; and 'the burden is on the taxpayer to

10 overcome this presumption' by countervailing proof." *United States v. Strebler*, 313 F.2d 402,

11 403–04 (8th Cir. 1963) (citation omitted).  With these standards in mind, the Court will now

12 evaluate each of the tax liabilities that the Government seeks to reduce to judgment.

13      **A.  Income Tax (Form 1040) for the 1995 Tax Year**

14      The Government argues that the Marises owe $73,068.97 in income tax for the 1995 tax

15 year.  The Marises argue that this assessment against them for a deficiency in their 1995 taxes is

16 time-barred because the assessment was made more than three years after the relevant return was

17 filed as is required by 26 U.S.C. Section 6501(a).  The IRS received a Form 1040 federal joint

18 income tax return signed by the Marises on June 6, 1997 for the 1995 tax period. (1995 Form

19 1040, ECF No. 99-3, Ex. 1).  On August 14, 2000, the IRS assessed additional taxes for 1995

20 against the Marises. (1995 Form 4340 at 2, ECF No. 99-3, Ex. 4).  While this assessment appears

21 to have occurred more than three years after June 6, 1997, the Government argues that the statute

22 of limitations had not expired because the IRS sent a notice of deficiency (also known as a "90

23 day letter") to the Marises that triggered the ninety day plus sixty day tolling period.  The

24

Marises respond that a dispute exists on the matter of whether the IRS actually sent the notice since the Government has failed to produce the notice through discovery. The Court finds that this is an issue of material fact because if the notice was not sent, then the limitations period was not tolled and the IRS's assessment would be time-barred.

While the Government concedes that it does not have a copy of the notice in its possession, it argues that it has offered sufficient evidence to resolve any dispute that a notice was sent to the Marises on March 24, 2000, prior to the three-year limitation mark. The Court disagrees. Although information contained in official forms may act as probative evidence that a notice of deficiency was sent to a taxpayer, *see Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993); *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984), a court is not required to accept proffered evidence as dispositive if it finds that a genuine dispute still exists. *See Petzak*, 579 F. Supp. 2d at 1333. The Government bears the burden of establishing that the notices were sent since it argues that the limitations period was tolled. *See Singleton v. United States*, 128 F.3d 833, 837–39 (4th Cir. 1997) (recognizing that the IRS cannot make supplemental tax assessments until it sends a notice of deficiency to the taxpayer and holding the IRS responsible for sending the notice). And while there is some evidence supporting the Government's position, the Marises' assertions to the contrary should not be weighed by the Court at the summary judgment stage. *Anderson*, 477 U.S. at 249 (stating "that at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial"). Therefore, the Government's motion is DENIED as to the 1995 tax year.

///

///

**B.  Income Tax (Form 1040) for the 1997 Tax Year**

The Government claims that the Marises owe $41,384.73 in income tax for the 1997 tax year.  The Marises, however, argue that the IRS's assessment of additional income tax for the 1997 tax year should be invalidated because the IRS failed to prove that the statutory notice of deficiency was sent to them, making the assessment unlawful under 26 U.S.C. § 6213.  The Court first notes that there is not a statute of limitations issue for the assessment made for the 1997 tax year.  The Marises filed their 1997 return in January of 1999. (*See* 1997 Form 1040, ECF No. 99-3, Ex. 8; 1997 Form 4340, ECF No. 99-3, Ex. 10).  The assessment at issue was made on September 4, 2000, (1997 Form 4340 at 1), well within the three-year limitations period.  This action was also brought within the ten-year statute of limitations, since it was filed on August 9, 2010. (ECF No. 1).  Therefore, there can be no legitimate contention that the assessment, or this lawsuit, is time-barred as to the 1997 tax period.[1]

The Marises, however, again raise the issue of whether the statutorily required notice of deficiency was ever sent because the Government has failed to produce it for the 1997 tax year as well.  They argue that the Government's failure to produce the notice creates a genuine question of fact that should not be resolved on summary judgment.  The Court agrees.  Since an assessment may be made only after a notice of deficiency is sent, *see* 26 U.S.C. § 6213(a), whether the IRS mailed the 90-day letter to the Marises is certainly material to this case.  The Government makes the same arguments regarding the missing deficiency notice under the 1997 tax year as it put forth for the 1995 tax year—that is, although the notice itself is not available, the Certified Mailing List and the Form 4340 should be sufficient proof that the notice was sent.

---

[1] The Marises argue that there was an additional assessment on February 22, 1999 that would be barred by the ten-year statute of limitations for bringing a collection action.  The Government, however, does not appear to be seeking collection on that assessment since the amount assessed on that date is "$0.00."  Moreover, the entry for that assessment date does not indicate that the entry reflects an assessment for a tax deficiency; rather, the explanation reads that a "Substitute for return" was recorded on that date. (1997 Form 4340, at 1).  Therefore, the Court finds that this additional recorded "assessment date" does not create a genuine issue for trial.

1  (*See* Certified Mailing List, ECF No. 99-3, Ex. 6; 1997 Form 4340 at 1). However, given the

2  assertions made by the Marises, and the fact that probative evidence is not dispositive evidence,

3  the Court finds that summary judgment on this issue is not warranted. Indeed, a jury should be

4  tasked with evaluating the evidence presented by both sides and making a factual determination

5  based on the weight of the evidence whether the notice of deficiency was sent to the Marises'

6  proper address prior to the additional 1997 tax assessment. Accordingly, the Court DENIES the

7  motion as to the 1997 tax year.

8  **C. Income Tax (Form 1040) for the 2000 Tax Year**

9  Next, the Government alleges that the Marises owe $300,538.78 in income tax for the

10  2000 tax year. The Marises argue that the assessment made by the IRS on their 2000 income tax

11  return was not performed and recorded within the three-year limitations period and is therefore

12  time-barred. The Government responds that the assessment did occur within the three-year limit.

13  Alternatively, the Government argues that the "zero return" filed by the Marises for the 2000 tax

14  period does not trigger the statute of limitations such that an assessment against them for the

15  2000 tax year could be made at any time.

16  The Government claims that the IRS received the Marises' 2000 tax return on October

17  17, 2002, as evidenced by the time stamps located on the Marises' Form 1040 for that year. (*See*

18  2000 Form 1040, ECF No. 99-3, Ex. 14). The Marises, on the other hand, argue that they filed

19  their return as early as April 15, 2001. In support of this contention, the Marises cite to a letter

20  they received from the IRS in which the IRS states that it had considered their "Form 1040 dated

21  April 15, 2001." (July 31, 2003 IRS Letter 1, ECF No. 102-3, Ex. 30). While this is not

22  particularly strong evidence that the 2000 tax return was in fact filed on April 15, 2001, the

23  Court finds that it is sufficient evidence from which a reasonable juror could infer that the

24

10

Marises did indeed file their return on that date. *See Diaz*, 521 F.3d at 1207.  Accordingly, the Court finds that a genuine dispute of material fact exists as to when the Marises filed their 2000 federal income tax return.

This issue is material to the case because it controls whether or not the three-year statute of limitations for making assessments had passed when the IRS made its additional tax assessment against the Marises.  The assessment at issue for the 2000 tax period was made on October 25, 2004. (2000 Form 4340 at 1, ECF No. 99-4, Ex. 17).  Thus, if the Marises' return was filed on April 15, 2001, then the assessment was time-barred because it occurred more than three years after the filing.  However, if the Government is correct that the return was filed in 2002 as evidenced by when the IRS claims to have received it, then the October 25, 2004 assessment was certainly within the limitations period.

Notwithstanding this dispute of material fact, the Government argues that summary judgment is still warranted because a "zero return" does not trigger the statute of limitations.  The Government argues that a return that records all "0s" in the various lines of a Form 1040 is not actually a return at all, and therefore, the statute of limitations is not triggered pursuant to 26 U.S.C. Section 6501(c)(3) (stating that if no return is filed, a tax may be assessed or a court proceeding begun "at any time").  It is well settled that tax returns "lack[ing] the data necessary for the computation and assessment of deficiencies generally should not be regarded as triggering the period of assessment." *Bufferd v. C.I.R.*, 506 U.S. 523, 528 (1993) (quotations omitted); *Edwards v. C.I.R.*, 680 F.2d 1268, 1269–70 (9th Cir. 1982) ("Tax forms that do not contain information upon which tax liability may be computed are not returns within the meaning of the Internal Revenue Code."); *United States v. Stephens*, 185 F. Supp. 2d 1116, 1125 (E.D. Cal. 2001) ("A tax return will not commence the running of the three year statute of

1  limitations unless it contains all of the data from which a tax can be computed and assessed.").

2  However, it is a debated issue whether a Form 1040 constitutes a "return" under the Internal

3  Revenue Code when the taxpayer enters only zeros in the fields reserved for inputting income,

4  exemptions, tax, and tax withheld.

5      At the center of the debate is the Ninth Circuit's decision in *United States v. Long*. In

6  *Long*, the court evaluated whether a taxpayer had willfully failed to file tax returns. The

7  evidence against the taxpayer included facsimiles of his returns in which he inserted zeros in the

8  spaces reserved for entering exemptions, income, tax, and tax withheld. 618 F.2d 74, 75 (9th Cir.

9  1980). The issue was whether these "zero returns" actually counted as returns for purposes of 26

10 U.S.C. Section 7203. The court held that they did. The court explained that the zeros entered on

11 the taxpayer's returns constituted information relating to the taxpayer's income "from which the

12 tax [could] be computed." *Id.* It further stated that "[t]he I.R.S. could calculate assessments from

13 [the taxpayer's] strings of zeros, just as if [the taxpayer] had entered other numbers. The

14 resulting assessments might not reflect [the taxpayer's] actual tax liability, but some computation

15 was possible." *Id.* The court justified its position by saying that "[n]othing can be calculated

16 from a blank, but a zero, like other figures, has significance." *Id.* at 76.

17     Some courts have found that the Ninth Circuit's reasoning that returns containing only

18 zeros are still returns under the law to be limited to the criminal context in which *Long* was

19 decided. *See Waltner v. United States*, 98 Fed. Cl. 737, 758 (2011), *aff'd*, 679 F.3d 1329 (Fed.

20 Cir. 2012). Other courts have simply disagreed with *Long*'s outcome because inputting zeros

21 does not give adequate information that the IRS can use to calculate tax liability. *See, e.g.*,

22 *United States v. Mosel*, 738 F.2d 157, 158 (6th Cir. 1984) (rejecting the Ninth Circuit's decision

23 in *Long* and holding that a Form 1040 containing only zeros constitutes no return because of its

24

12

failure to include any information upon which tax could be calculated); *United States v. Gabrinski*, 727 F.2d 681, 687 (8th Cir. 1984) (identifying *Long* as contrary to the court's holding); *United States v. Smith*, 618 F.2d 280, 281 (5th Cir. 1980) (holding that returns which contain nothing but zeros and constitutional objections do not disclose the required information); *United States v. Moore*, 627 F.2d 830, 835 (7th Cir. 1980) (holding that merely including some income information is not enough to constitute a return, "there must also be an honest and reasonable intent to supply information required by the tax code"); *United States v. Rickman*, 638 F.2d 182, 184 (10th Cir. 1980) (holding that using zeros does not give adequate income information for which the tax can be computed and stating that "[t]o the extent that this decision is inconsistent with *United States v. Long*, we respectfully disagree with that decision"); *Hamzik v. United States*, 64 Fed. Cl. 766, 767 (2005) (identifying the "broad constellation of cases" which hold "that a return which lacks essential financial information, and in particular, contains no recitation of taxpayer's income, is not a properly executed return for purposes of the tax laws").

When faced with a challenge to the accuracy of the *Long* decision, the Ninth Circuit reaffirmed its position and explained that "*Long* properly turns on the presence or absence of financial information." *United States v. Kimball*, 925 F.2d 356, 358 (9th Cir. 1991). Since the *Long* court did not explicitly limit its ruling to the criminal context, its holding that a return containing all zeros constitutes a return under the Internal Revenue Code is applicable to the present case. Accordingly, the Court finds itself bound by the "bright-line test" articulated in *Long*. *See Hess v. United States*, 785 F. Supp. 137, 138–39 (W.D. Wash. 1991) (recognizing the holding in *Long* to be controlling in a non-criminal context).

1   Thus, the Marises' Form 1040 for the 2000 tax year, which contained only zeros, was a
2  return that triggered the limitations period when it was filed with the IRS.  The parties disagree
3  about the date on which the 2000 return was filed, and if the jury finds the Marises' position to
4  be more persuasive, then the assessment that was made on October 25, 2004 would have
5  occurred outside the three-year period, even with the additional 150 days allotted by the sending
6  of a notice of deficiency.

7   The Court, therefore, finds that the jury should determine on what date the 2000 return
8  was filed as well as the amount of the Marises' income tax liability for the 2000 tax year.  The
9  Government's motion for summary judgment on this claim is DENIED.

**D.  Income Tax (Form 1040) for the 2001 Tax Year**

The Government alleges that the Marises owe $150,666.10 in income taxes, including
interest and penalties, for the 2001 tax year.  As they did in their 2000 Form 1040, the Marises
reported all zeros in the fields reserved for exemptions, income, tax, and tax withheld. (2001
Form 1040, ECF No. 99-4, Ex. 21).  To support its allegations, the Government provides a Form
4340 indicating the amounts owed and the assessment made. (2001 Form 4340 at 1, ECF No. 99-
5, Ex. 24).  Since a Form 4340 is presumptive evidence that the assessments are correct, the
burden shifts to the Marises to dispute that evidence. *Palmer*, 116 F.3d at 1312.  The Marises
argue that they submitted a revised return to the IRS, which was prepared by a CPA, that they
argue creates a dispute of fact as to the amount of income tax they actually owe for the 2001 tax
period.  The Government responds that the 2001 amended return was reviewed by the IRS, but
that it was found to be improper and thus ineffective as a substituted return.  However, the
Government offers no documentation or evidence, beyond attorney argument, that the amended
return was actually reviewed by the IRS.  Although the Court finds that the Government's

1  contentions regarding the deficiency of the amended return for the 2001 tax year are not

2  completely meritless, there is simply nothing in the record that would allow the Court to find that

3  the IRS did in fact consider the Marises' amended return.  Therefore, the Court finds that a

4  genuine dispute of material fact yet remains as to the Marises' income tax liability for the 2001

5  tax year.  The Government's motion is DENIED as to this this claim.

**E.  Unemployment Tax (Form 941) for Q3 of 2002**

The Government next alleges that Keith Maris (doing business as Keith L. Maris Painting and Wallpaper) owes $2,635.34 as of October 17, 2011 for unpaid unemployment tax.  The Government submits Keith Maris's Form 941, which shows a total liability of $31,832.84 for the third-quarter of 2002. (2002Q3 Form 941, ECF No. 99-5, Ex. 28).  The Government also cites to the Form 4340 for that quarter, which shows that Mr. Maris did not fully pay the amount of taxes reported in his Form 941. (*See* 2002Q3 Form 4340 at 1, ECF No. 99-5, Ex. 29).  The burden of demonstrating liability has therefore been met by the Government.  Mr. Maris offers nothing to rebut this evidence.  Instead, he argues that the date appearing on the "Certificate of Official Record" for the relevant Form 4340 is July 28, 2010.  Mr. Maris contends that this date reflects the day on which an assessment was made. (Def.'s Opp'n 15).  Once again, this argument is unavailing.  It is clear that the date appearing on the cover page is the day on which the records were retrieved and signed by the Accounting Operation Manager.  Further, the actual date on which Mr. Maris was assessed for a deficiency in his unemployment tax for the third-quarter of 2002 is specifically listed as December 23, 2002 in the body of the Form 4340.  The parties agree that Mr. Maris filed his Form 941 on November 22, 2002.  Accordingly, the assessment came within the limitations period.

1    Therefore, the Court GRANTS the Government's motion for summary judgment as to
2 this claim.  The Court finds that Keith Maris is liable for unpaid unemployment tax for the
3 third-quarter of 2002 in the amount of $2,635.34, plus any interest and penalties accruing since
4 October 17, 2011.

**F.  Unemployment Tax (Form 941) for Q4 of 2002**

6    The Government also alleges that Keith Maris (doing business as Keith L. Maris Painting
7 and Wallpaper) owes $50,340.28 as of October 17, 2011 for unpaid unemployment tax arising
8 from liability for the fourth quarter of 2002.  The Government submits Keith Maris's Form 941,
9 which shows a total liability of $39,139.78 for the fourth quarter of 2002. (2002Q4 Form 941,
10 ECF No. 99-5, Ex. 31).  The Government also cites to the Form 4340 for that quarter, which
11 shows that Mr. Maris did not fully pay the amount of taxes reported in his Form 941. (*See*
12 2002Q4 Form 4340 at 1, ECF No. 99-5, Ex. 32).  The burden of demonstrating liability has
13 therefore been met by the Government.  Mr. Maris offers nothing to rebut this evidence.  Instead,
14 he again makes a statute of limitations argument based on the date that appears on the
15 "Certificate of Official Record" for the Form 4340. (Def.'s Opp'n 16).  For the reasons stated
16 above, this argument fails.  The parties agree that Mr. Maris filed his Form 941 on February 18,
17 2005.  The Form 4340 indicates that the assessment at issue was made on May 5, 2005. (2002Q4
18 Form 4340 at 1).  Accordingly, the assessment occurred within the limitations period.
19    Therefore, the Court GRANTS the Government's motion for summary judgment as to
20 this claim.  The Court finds that Keith Maris owes $50,340.28, plus any interest and penalties
21 accruing since October 17, 2011, for unemployment tax liability arising from the fourth quarter
22 of 2002.
23 ///

**G.  Annual Unemployment Tax (Form 940) for 2002**

Finally, the Government alleges that Keith Maris (doing business as Keith L. Maris Painting and Wallpaper) owes $1,566.14 in annual unemployment tax for the 2002 tax year.  The Government provides Mr. Maris's Form 940 showing that he reported $680.87 in unemployment tax liability for that year. (2002 Form 940, ECF No. 99-5, Ex. 34).  The Government also cites to the Form 4340 for Mr. Maris's 2002 annual unemployment tax return, which shows that he failed to pay that amount. (2002 Form 4340, ECF No. 99-5, Ex. 35).  The burden of demonstrating liability has therefore been met by the Government.  Mr. Maris offers nothing to counter this evidence.  However, he unabashedly sets forth his statute of limitations argument based on the date appearing on the "Certificate of Official Record" accompanying the Form 4340.  As explained above, this argument fails.  The parties agree that Mr. Maris's Form 940 was filed on February 7, 2006.  The assessments at issue were made on March 27, 2006 and October 29, 2007, both of which fall well within the statute of limitations.

Therefore, the Government's motion for summary judgment on this claim is GRANTED.  The Court finds that Keith Maris owes $1,566.14, plus any interest or penalties accruing since October 17, 2011, for failure to pay federal unemployment tax for the 2002 tax year.

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Government's Renewed Motion for Summary Judgment (ECF No. 220) is GRANTED in part and DENIED in part.

The Motion is GRANTED as to the unemployment tax liability assessed against Keith Maris (doing business as Keith L. Maris Painting and Wallpapering) for the third quarter of 2002 and the fourth quarter of 2002, as well as the annual amount owed for the 2002 tax year. The Court reduces to judgment the unemployment tax liability in the amount of $54,541.76, plus the interest and penalties that have accrued since October 17, 2011.

The Motion is DENIED as to the Marises' income tax liability for the 1995, 1997, 2000, and 2001 tax periods.

IT IS FURTHER ORDERED that the Government's claim regarding the tax liens on the Subject Property is DENIED as moot.

IT IS SO ORDERED.

Dated: February 2, 2015

_____
ROBERT C. JONES
United States District Judge